# SINGER SEWING MACHINE COMPANY OF NEW JERSEY v. BENEDICT, TREASURER, &c. OF DENVER, COLORADO.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 289. Argued May 5, 1913.—Decided June 9, 1913.

Under § 723, Rev. Stat., a bill in equity does not lie in the courts' of the United States where a plain, adequate and complete remedy can be had at law.

Where it is obvious that there is a remedy at law, it is the duty of the court to interpose that objection *sua sponte* to a suit in equity.

Where, as in this case, there has been no waiver on the part of the defendant, the objection is available in the appellate court.

The illegality or unconstitutionality of a state or municipal tax is not itself a ground for equitable relief in the Federal courts. *Boise Water Co.* v. *Boise City*, 213 U. S. 276.

The state courts cannot define the equity jurisdiction of the Federal courts; but where the state courts have held that a suit in equity could be maintained in the courts of the state, the same suit can be maintained in the Federal court having jurisdiction in other respects.

In Colorado one paying an illegal tax has a remedy at law to recover it back, and the fact that the tax list is *prima facie* evidence of the amount due does not make it conclusive.

The fraud, accident or mistake necessary to justify an equitable action to enjoin the collection of a tax must be more than mere illegality.

179 Fed. Rep. 628, affirmed.

THE facts, which involve the construction of § 723, Rev. Stat., and the right to maintain a bill in equity to restrain the collection of taxes where the taxpayer has a plain and adequate remedy at law, are stated in the opinion.

*Mr. R. H. Gilmore* and *Mr. Henry A. Prince* for appellant:

The trial court, by overruling the demurrer, adjudged that the bill was sufficient, and this became the final law of the case upon this point, because it was not appealed

from and was not overruled by the trial court. Sufficiency of the bill cannot now be tested in this court. *Great Northern Ry.* v. *McLaughlin,* 17 C. C. A. 330, 333; *Foltz* v. *St. Louis &c.,* 8 C. C. A. 635, 641; *Huntington* v. *Laidley,* 79 Fed. Rep. 865; *Mercantile &c.* v. *Missouri &c.,* 84 Fed. Rep. 383; *Bryant &c.* v. *Robinson,* 79 C. C. A. 259, 267; *Kilbourne* v. *Sunderland,* 130 U. S. 505, 514; *Tyler* v. *Savage,* 143 U. S. 97.

Unless a full, complete and adequate remedy at law exists in a Federal court, the appellant has, by reason of diverse citizenship, the right to resort to a Federal court of equity; and this notwithstanding that the state statute may give an adequate remedy at law in a state tribunal. *Atchison, T. & S. F. Ry. Co.* v. *Sullivan,* 97 C. C. A. 1; *Brun* v. *Mann,* 85 C. C. A. 513; *Colar* v. *Stanley Co.,* 89 Fed Rep. 257, 259; *Smythe* v. *Ames,* 169 U. S. 466, 517; *Jones* v. *Mutual F. Co.,* 123 Fed Rep. 518; *United States &c.* v. *Cable,* 39 C. C. A. 264; *Yonley* v. *Lavender,* 21 Wall. 276; *Sheffield Co.* v. *Withrow,* 149 U. S. 574, 579.

The right to trial by jury, preserved by § 723 of the Federal statute, is not jurisdictional, but is a personal privilege and may be waived. *Waite* v. *O'Neal,* 72 Fed. Rep. 351; *Wamath* v. *O'Daniel,* 86 C. C. A. 277; *Foltz* v. *St. Louis &c.,* 8 C. C. A. 635; *Less* v. *English,* 29 C. C. A. 275; *International Co.* v. *Norwich &c.,* 17 C. C. A. 608.

Appellees' plea of the adequacy of legal remedy was waived by not being pressed before the trial court, and cannot be availed of here. *Huntington* v. *Laidley,* 79 Fed. Rep. 865; *Bryant Bros. Co.* v. *Robinson,* 79 C. C. A. 259, 267; *Adams* v. *Howard,* 20 Blatchf. 38; *Richardson* v. *Green,* 9 C. C. A. 565.

The bill should not be dismissed in this court for lack of equity, because if the trial court had not overruled the demurrer or if it had passed upon the plea a defect in the bill could have been cured by amendment. *Walla Walla* v. *Water Co.,* 172 U. S. 1.

As the trial court entered a decree on the merits in favor of appellees . there must have been jurisdictional matter in the bill.  It is not consistent to contend that the trial court had jurisdiction to find for the appellees but none to find for the appellant.

Though the tax in this case is absolutely void, the appellant has no adequate remedy at law within the decisions, and injunction is an available and appropriate remedy. *Gale* v. *Statler &c.,* 47 Colorado, 72, 77; *Fargo* v. *Hart,* 193 U. S. 490; *Colo. F. & L. S. Co.* v. *Beerbohm,* 43 Colorado, 464, 481; *Ex parte Young,* 209 U. S. 123; *Ludwig* v. *West. Un. Tel. Co.,* 216 U. S. 146, 164; *Western Un. Tel. Co.* v. *Anderson,* 216 U. S. 165.

*Mr. J. A. Marsh,* with whom *Mr. W. H. Bryant* was on the brief, for appellees.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a suit by the Singer Company, a New Jersey corporation, to enjoin the collection of taxes levied by the city and county of Denver, in the State of Colorado. The company made a return of taxable personal property at a valuation of $3,800, to which the assessor added other personalty at a valuation of $62,500, making a total assessment of $66,300, which was afterwards embodied in a tax list delivered to the treasurer for collection.  The company tendered payment of $126.50, the amount of taxes due on the property returned by it, and refused to pay the amount attributable to the additional assessment. The treasurer declined to accept the tender, and was threatening to enforce the entire tax, when the suit was brought.  The bill charged that the assessor, although required by law to give the company timely notice of the additional assessment, had failed to give it any notice, and that it was thereby prevented from presenting

objections to the increase and obtaining a hearing and ruling thereon by the assessor and by the proper reviewing authority to which it was entitled by the local law. There were also allegations to the effect that the company had no property within the city and county other than that returned by it; that the additional assessment and the taxes levied thereon were illegal because of the assessor's failure to give the required notice; and that to enforce the collection of such taxes would be violative of designated provisions of the Constitution of the United States. The defendants demurred on the ground that the bill did not state a case for equitable relief, but the demurrer was overruled. The defendants then answered repeating the objection made in the demurrer and interposing other defenses which need not be noticed now. Upon the hearing a decree was entered dismissing the bill, and the company appealed to the Circuit Court of Appeals. That court held that there was an adequate remedy at law, and affirmed the decree. 179 Fed. Rep. 628. The company then took the present appeal.

In the courts of the United States it is a guiding rule that a bill in equity does not lie in any case where a plain, adequate and complete remedy may be had at law. The statute so declares, Rev. Stat., § 723, and the decisions enforcing it are without number. If it be quite obvious that there is such a remedy, it is the duty of the court to interpose the objection *sua sponte*, and in other cases it is treated as waived if not presented by the defendant *in limine*. *Reynes* v. *Dumont*, 130 U. S. 354, 395; *Allen* v. *Pullman's Palace Car Co.*, 139 U. S. 658. There was no waiver here. The objection was made by the demurrer and again by the answer, and so, if it was well grounded, it was as available to the defendants in the Circuit Court of Appeals to prevent a decree against them there as it was in the Circuit Court. *Boise Artesian Water Co.* v. *Boise City*, 213 U. S. 276.

In the last case it was said of the pertinency of the guiding rule in cases such as this (p. 281): "A notable application of the rule in the courts of the United States has been to cases where a demand has been made to enjoin the collection of taxes or other impositions made by state authority, upon the ground that they are illegal or unconstitutional. The decisions of the state courts in cases of this kind are in conflict, and we need not examine them. It is a mere matter of choice of convenient remedy for a State to permit its courts to enjoin the collection of a state tax, because it is illegal or unconstitutional. Very different considerations arise where courts of a different, though paramount, sovereignty interpose in the same manner and for the same reasons. An examination of the decisions of this court shows that a proper reluctance to interfere by prevention with the fiscal operations of the state governments has caused it to refrain from so doing in all cases where the Federal rights of the persons could otherwise be preserved unimpaired. It has been held uniformly that the illegality or unconstitutionality of a state or municipal tax or imposition is not of itself a ground for equitable relief in the courts of the United States. In such a case the aggrieved party is left to his remedy at law, when that remedy is as complete, practicable and efficient as the remedy in equity."

A statute of Colorado enacted in 1870 (Laws 1870, p. 123, § 106) and embodied in subsequent revenue acts (2 Mills' Ann. Stat., § 3777; Laws 1902, c. 3, pp. 43, 146, § 202; Rev. Stat. 1908, § 5750) declares that "in all cases where any person shall pay any tax, interest or costs, or any portion thereof, that shall thereafter be found to be erroneous or illegal, whether the same be owing to erroneous assessment, to improper or irregular levying of the tax, to clerical or others errors or irregularities, the board of county commissioners shall refund the same without abatement or discount to the taxpayer." This statute

imposes upon the county commissioners the duty of re-
funding, without abatement or discount, taxes which have
been paid and are found to be illegal, and confers upon the
taxpayer a correlative right to enforce that duty by an
action at law. As long ago as 1879 the Supreme Court of
the State, in holding that the invalidity of a tax afforded
no ground for enjoining its enforcement, said of this
statute: "Against an illegal tax complainant has a full and
adequate remedy at law, and we see no reason why in
this case he should not be remitted to that remedy."
*Price* v. *Kramer,* 4 Colorado, 546, 555. And again: "The
statute furnishes another remedy in such cases which is
complete and adequate." *Woodward* v. *Ellsworth, Id.*
580, 581. And that this view of the statute still prevails
is shown in *Hallett* v. *Arapahoe County,* 40 Colorado, 308,
318, decided in 1907, where, in refusing equitable relief
against the collection of taxes alleged to be illegal, the
court said (p. 318): "By § 3777, 2 Mills' Ann. Stat., it is
provided that taxes paid which shall thereafter be found
to be erroneous or illegal, shall be refunded, without
abatement or discount, to the taxpayer. No statement
appears in either of the complaints from which it can be
deduced that the remedy afforded the plaintiff by this
section is not adequate."

We refer to these cases, not as defining the jurisdiction
in equity of the Circuit Court, for that they could not do
(*Payne* v. *Hook,* 7 Wall. 425, 430; *Whitehead* v. *Shattuck,*
138 U. S. 146; *Smythe* v. *Ames,* 169 U. S. 466, 516), but
as showing that the Colorado statute gave to one who
should pay illegal taxes a right to recover back from the
county the money so paid. This right was one which
could be enforced by an action at law in the Circuit Court,
no less than in the state courts, if the elements of Federal
jurisdiction, such as diverse citizenship and the requisite
amount in controversy, were present. *Ex parte McNiel,*
13 Wall. 236, 243; *United States Mining Co.* v. *Lawson,*

134 Fed. Rep. 769, 771.  Thus it will be perceived that, if the taxes in question were illegal and void, as asserted, the company had a remedy at law.  It could pay them and, if the commissioners refused to refund, have its action against the county to recover back the money. Such a remedy, as this court often has held, is plain, adequate and complete in the sense of the guiding rule before named, unless there be special circumstances showing the contrary.  *Dows* v. *Chicago*, 11 Wall. 108, 112; *State Railroad Tax Cases*, 92 U. S. 575, 613–614; *Shelton* v. *Platt*, 139 U. S. 591, 597; *Allen* v. *Pullman's Palace Car Co.*, *Id.* 658, 661; *Indiana Manufacturing Co.* v. *Koehne*, 188 U. S. 681, 686.

But it is said that in an action to recover back the money the tax list would be treated as the judgment of a special tribunal conclusively determining all questions in favor of the validity of the tax.  It well may be that, if the list were regular on its face, it would be presumptive evidence that the tax was valid, but we find nothing in the statutes of Colorado or in the decisions of its Supreme Court which goes to the length suggested.  The plain implication of the section providing for repayment is otherwise.  Another section (Rev. Stat., § 5677) declares that the tax list "shall be *prima facie* evidence that the amount claimed is due and unpaid," and the only decision cited by the company speaks of the assessment as being presumptively right "in the absence of any evidence to the contrary."  *Singer Manufacturing Co.* v. *Denver*, 46 Colorado, 50.

It also is said that there were special circumstances calling for equitable relief, in that the act of the assessor in making the additional assessment without giving any notice of it was necessarily a fraud, an accident, or a mistake. No such claim was made in the bill, and even had it been it would be unavailing unless founded upon something more than the charge that no notice was given and that

the company had no property within the city and county other than that returned by it. We say this because the fraud, accident or mistake which will justify equitable relief must be something more than what is fairly covered by the charge here made, for otherwise the well settled rule that mere illegality in a tax affords no ground for such relief would be a myth. There really would be no case in which the illegality could not be said with equal propriety to be the result of fraud, accident or mistake, for it always arises out of some deviation from law or duty.

Concluding, as we do, that the company had a plain, adequate and complete remedy at law, the decree dismissing the bill is

*Affirmed.*