NORTHERN PAC. RY. CO. v. VAN DUSEN HARRINGTON CO.

(Circuit Court of Appeals, Eighth Circuit. July 2, 1917.)

No. 4960.

COURTS ☞262(2)—FEDERAL COURTS—EQUITY JURISDICTION—ADEQUATE REMEDY AT LAW.

A bill to compel a railroad company to issue a bill of lading requiring it to carry and deliver at a place on the line of another road a single carload of wheat owned by complainant does not state a cause of action within the jurisdiction of a federal court of equity, there being an adequate remedy at law by an action for damages.

Appeal from the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Suit in equity by the Van Dusen Harrington Company against the Northern Pacific Railway Company. From an interlocutory order granting a mandatory injunction, defendant appeals. Reversed.

B. W. Scandrett, of Omaha, Neb. (C. W. Bunn and Charles Donnelly, both of St. Paul, Minn., on the brief), for appellant.

Harold G. Simpson, of Minneapolis, Minn., for appellee.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. This is an appeal from an order of the District Court assuming to act under its equitable jurisdiction, com-

manding the appellant to forthwith sign, issue, and deliver a bill of lading to appellee under which Northern Pacific car No. 19482 will move to Evansville, Ind. The order appealed from, while for all practical purposes a final order, was really an interlocutory mandatory injunction. The procedure leading up to the making of the order was as follows:

Upon the filing of a complaint on May 11, 1917, a subpœna was issued and served requiring the appellant to appear on May 19, 1917, to answer the same, and also to show cause why an order should not issue commanding the appellant to issue, sign, and deliver to the appellee a bill of lading as prayed for in the complaint. On the return day appellant appeared and filed a motion to dismiss the complaint, upon the ground, among others, that the subject-matter of the action was not within the jurisdiction of a court of equity, for the reason that the complaint showed that appellee had a plain, adequate, and complete remedy at law. Affidavits were also filed by both parties in opposition to and in support of the order to show cause. After hearing argument the court granted the order from which an appeal has been taken. So far as the record shows the main case is still pending in the court below on complaint and motion to dismiss. This statement is made for the purpose of showing that the case is not before us on pleadings and proofs, so that the merits of the controversy can be finally determined. We may, however, in determining the validity of the order appealed from, inquire as to whether the complaint states a cause of action cognizable in equity, as the objection made below that it does not is insisted upon here. The appellee states his cause of action as follows:

I. "That the complainant, the Van Dusen Harrington Company, is a corporation duly organized and existing under and by virtue of the laws of the state of Minnesota. That it is engaged in the business of buying, selling and shipping grain."

II. "The defendant herein is a duly organized and existing corporation. That it operates lines of railroad in this state and other states. That it is a common carrier for hire."

III. "The complainant shows that on or about the 8th day of March, 1917, Mark P. Miller Milling Company delivered to the Northern Pacific Railway Company, the defendant herein, at Moscow, Idaho, Northern Pacific car No. 19482, loaded with wheat consigned to Mark P. Miller Milling Company, Minneapolis, Minn. That the defendant accepted said car and undertook to transport the same in accordance with its duty as a common carrier and in accordance with all its duly filed and published rates and tariffs. That the defendant issued and delivered to said Mark P. Miller Milling Company its negotiable order bill of lading whereby it agreed to transport said car to Minneapolis, Minn., and there to deliver the same to the owner and holder of said bill of lading, or to deliver said car to such person or such place as the owner and holder of said bill of lading should duly designate, and that the defendant agreed and undertook to transport the said car in accordance with its duly filed and published tariffs and in accordance with all the rules and provisions contained in said tariffs."

IV. "That said Mark P. Miller Milling Company sold said car to the Van Dusen Harrington Company, the complainant herein, and indorsed, delivered, and transferred to the complainant the aforementioned order bill of lading. That the complainant is now the owner of the contents of said Northern Pacific car No. 19482, and is the owner of said negotiable order bill of lading."

V. "Complainant further shows that it desires to forward said car to Evansville, Ind., over the lines of the defendant herein and over the lines of other carriers that connect with defendant's lines."

VI. "That Northern Pacific Railway Company's Tariff No. 11–E, I. C. C. No. 6127 duly filed, published, and in effect under Index 520, page 23, provides rates from Moscow, Idaho, to Minneapolis, St. Paul, East St. Louis, and other points beyond Minneapolis and St. Paul. That rule 46 of said tariff, found on page 22, provides as follows: 'Shipments may be diverted, reconsigned in transit, or held in transit for orders at points on the Northern Pacific Railway, Great Northern Railway, or Minneapolis, St. Paul and Sault St. Marie (at rate in effect on date of shipment from original point to final destination), it being understood that point at which diversion is accomplished must be on direct line of movement point of origin of final destination.'"

VII. "That Northern Pacific Railway Company's Tariff No. 770–H, I. C. C. No. 5898, provides as follows: 'A change in destination, consignee, or routing will be permitted on *all carload freight* whether in transit or after arrival at original destination.'"

VIII. "That the Southern Railway Company's tariff issued by W. A. Cameron, Agent, No. 401–A, I. C. C. D–85, provides for proportional rates from St. Louis, East St. Louis, and other points to Evansville, Ind., and that said Southern Railway Company connects with said defendant's rails and receives from defendant and transports freight delivered to it by defendant from St. Louis, East St. Louis, and other points to Evansville, Ind., and other points, and that said Southern Railway Company is now and at all times has been ready and willing to receive this particular car as well as other cars from said defendant at East St. Louis and transport the same to Evansville, Ind."

IX. "Complainant further shows that it has repeatedly requested and demanded that the defendant sign, issue, and deliver to the complainant a bill of lading in the form and with the provisions and contents of Exhibit A, hereto attached and hereby made a part of this complaint, or a bill of lading in any proper or lawful form under which said car will move to Evansville, Ind."

X. "Complainant further shows that the tariffs and rules of the defendant provide and agree that said car may be reconsigned at Minneapolis, Minn., to Evansville, Ind., via East St. Louis or to such other point as the owner may duly designate. That the defendant agreed to allow said car to be reconsigned at Minneapolis to Evansville, Ind."

XI. "Complainant further shows that it has done all things necessary and in compliance with the published rules, regulations, tariffs, and provisions of the defendant in order to entitle complainant to reconsign and forward said car to Evansville, Ind."

XII. "That the defendant, contrary to its duty as a common carrier, contrary to its contract, arbitrarily, illegally, and contrary to the laws and statutes of the United States and the state of Minnesota, has repeatedly refused and still refuses to sign, issue, or deliver to the complainant a bill of lading in the form and with the contents and provisions as shown in Exhibit A, or a bill of lading in any proper form under which said car may move to Evansville, Ind.

"In consideration whereof, and forasmuch as the complainant is remediless in the premises by the strict rules of the common law, and can only have relief in a court of equity, where this matter is properly cognizable and relievable, the complainant prays that your honors will order the defendant to forthwith issue, sign, and deliver to this complainant a bill of lading in the form and with the contents and provisions as in Exhibit A, or bill of lading in such other proper form that this car may move thereunder to Evansville, Ind. [Here follows prayer for subpœna and general relief.]"

Exhibit A, referred to in the complaint, was an ordinary bill of lading, whereby, if issued, the appellant agreed to carry the car of wheat mentioned in the complaint to Evansville, Ind. We assume, without deciding, that the trial court had jurisdiction of the case as a

federal court under the proviso of section 24 and paragraph 8 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1092 [Comp. St. 1916, § 991, par. 8]). Coming to the question of the jurisdiction of the court below as a court of equity, we may quote the language used by Justice Van Devanter in Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 Sup. Ct. 942, 57 L. Ed. 1288:

> "In the courts of the United States it is a guiding rule that a bill in equity does not lie in any case where a plain, adequate, and complete remedy may be had at law. The statute so declares (Rev. Stat. § 723), and the decisions enforcing it are without number. If it be quite obvious that there is such a remedy, it is the duty of the court to interpose the objection sua sponte, and in other cases it is treated as waived, if not presented by the defendant in limine. Reynes v. Dumont, 130 U. S. 354, 395 [9 Sup. Ct. 486, 32 L. Ed. 934]; Allen v. Pullman's Palace Car Co., 139 U. S. 658 [11 Sup. Ct. 682, 35 L. Ed. 303]. There was no waiver here. The objection was made by the demurrer, and again by the answer; and so, if it was well grounded, it was as available to the defendants in the Circuit Court of Appeals to prevent a decree against them there as it was in the Circuit Court. Boise Artesian Water Co. v. Boise City, 213 U. S. 276 [29 Sup. Ct. 426, 53 L. Ed. 796]."

In New York Guaranty Co. v. Memphis Water Co., 107 U. S. 205, 2 Sup. Ct. 279, 27 L. Ed. 484, the Supreme Court, in referring to Revised Statutes, § 723, now section 267, Judicial Code (Comp. St. 1913, § 1244), said:

> "This enactment certainly means something."

We think it can be safely said that it means at least that the courts have not the power to dispense with the ancient rule of equity jurisdiction which prohibits suits in equity where a plain, adequate, and complete remedy may be had at law. An inspection of the complaint fails to disclose a single ground of equitable jurisdiction. Reduced to its lowest terms, the complaint charges that the appellant is in possession of a carload of wheat belonging to appellee, which it refuses to transport to Evansville, Ind. The real nature of the case cannot be disguised by the fact that appellee is simply demanding the issuance of a bill of lading, for the reason that the bill of lading, once issued, would oblige the appellant to transport the car of wheat. It cannot be disputed but that an action at law for damages is a complete and adequate remedy for the refusal by a common carrier to transport a single carload of wheat. The damages to be recovered are easily ascertainable, and in the present case would be the difference between the value of the wheat at Minneapolis and at Evansville, Ind., less expense of carriage. People v. New York, etc., R. R. Co., 22 Hun (N. Y.) 533.

Counsel for appellee in his brief, not content with sustaining the theory upon which the present action was brought, seeks to demonstrate that the action could have been brought and maintained on any one of four theories. The third theory advanced by counsel is stated in his brief as follows:

> "Thirdly. The complainant could have asked for a straight writ of mandamus to compel the issuance of the bill of lading under the provisions of section 23 of the Interstate Commerce Act."

If the theory so stated is correct, then the question as to whether appellee had an adequate remedy at law is not open to question, as the proceeding by mandamus is a proceeding at law.

Counsel further states as the fourth theory on which the action might have been brought that appellee could have asked for a mandatory order to compel the issuance of a bill of lading in compliance with section 20 of the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 379), as amended (Act June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 595 [Comp. St. 1916, §§ 8604a, 8604aa]), commonly known as the "Carmack Amendment," and then he states that appellee adopted the fourth or possibly a combination of the third and fourth remedies. What is known as the Carmack Amendment is a part of section 20 of the Interstate Commerce Act, and it does provide for the issuance of a receipt or bill of lading by the receiving carrier, but no form of procedure is mentioned in section 20, except the District Court is given jurisdiction upon the application of the Attorney General of the United States at the request of the Interstate Commerce Commission, alleging a failure to comply with, or a violation of any of the provisions of the act to regulate commerce, to issue a writ or writs of mandamus commanding the carrier to comply with the provisions of the act. This proceeding in equity finds no support in any of the provisions of the Interstate Commerce Act, and as we have before said, if section 23 applies, then the remedy at law is adequate.

Counsel for appellee further insists that a court of equity has jurisdiction to enforce a plain duty imposed by statute, and as he claims the Carmack Amendment imposed a plain duty upon the appellant in this case to issue a receipt or bill of lading, a court of equity in a proper case may compel it to do so. We think counsel has confused the jurisdiction of a court of equity to issue a mandatory injunction to enforce a plain statutory duty, where the court for other reasons has equitable jurisdiction, with the question as to whether the court in the present case had any jurisdiction in equity at all. A court of equity has no more authority to enforce a duty imposed by statute than it has to enforce a moral of contractual · duty. It will enforce either or all in cases where it has jurisdiction.

We will now notice some of the cases cited by counsel for appellee which it is claimed decide that the present case is one of equitable jurisdiction. In the first place it may be said that this is not a case where a statute has given a right without furnishing a remedy. According to counsel's own argument, he had a remedy by mandamus. The case of Wiemer v. Louisville Water Co., 130 Fed. 251, is cited. This was a case where the court issued a mandatory injunction compelling the water company to furnish the complainants with water in accordance with its duty. We have no doubt but that the jurisdiction of a court of equity was properly exercised in this case; but it is no authority for the exercise of equity jurisdiction in the case at bar, as the facts are entirely different.

The case of Coe & Milson v. Louisville & Nashville R. R. Co. (C. C.) 3 Fed. 775, is cited as being in point. This was a case where Coe & Milson applied to the court for a mandatory injunction compelling the

railroad company to accept and deliver any shipments tendered to it; but that is not the present case. There is only one car involved here, and no allegation that there will ever be another.

The case of C., B. & Q. Ry. Co. v. Burlington, C. R. & N. Co. (C. C.) 34 Fed. 481, is also cited. This was an action by one railroad company to compel another railroad company to handle its cars. Manifestly there was no adequate remedy at law, and the case furnishes no support for the position of appellee in the present case.

The case of Covington Stockyards Co. v. Keith, 139 U. S. 128, 11 Sup. Ct. 461, 35 L. Ed. 73, is cited. In this case Keith, who was engaged in buying and selling live stock on commission as well as on his own account, brought the same to and shipped them from the city of Covington, Ky., over the Central Railroad. He owned certain live stock lots and yards in Covington, which were provided with all the necessary means of receiving, feeding, and caring for such stock as he purchased, or as might be consigned to him by others for sale; the receiver of the railroad tore up and rendered unsafe for use the connections which the railroad had with his stockyards. It was held that it was the duty of the railroad company to maintain these connections, and that a mandatory injunction would issue to compel the performance of the duty; but here the whole business of Keith was in jeopardy from day to day. Manifestly there was no adequate remedy at law.

The case of Toledo, A. A. & N. M. Ry. Co. v. Pennsylvania Ry. Co., 54 Fed. 738, 19 L. R. A. 387, was a case where the Pennsylvania Railroad Company, a connection of the Toledo Railroad, refused to accept cars for transportation tendered it by the Toledo Railroad on the ground that the Pennsylvania employés, being union men, refused to handle cars from a nonunion railroad. Manifestly this case is not authority for appellee. All the cases cited by the learned counsel are to the effect that, if a court of equity has jurisdiction of a case, it may in a proper case issue a mandatory injunction. It is further insisted that this court will take judicial notice of the fact that the refusal to forward the car in question, as well as many other cars, will cause a multiplicity of suits, which in itself is sufficient to sustain equitable jurisdiction. We have no reason to take judicial notice that there is or will be a refusal by appellant to forward any other cars of appellee, and, if we had, we cannot enlarge the facts stated in the complaint, and, thereby enlarge the judgment which the court may render. The trial court dealt with one car, and that is all there is in the case. Moreover, the successful prosecution of the present action would not save a multiplicity of suits, any more than an action at law, for the reason that the relief asked only affects one car, and the decree could not be broader than the complaint; so there is no merit in this contention.

The court below having no jurisdiction as a court of equity, we may not consider whether the complaint otherwise states a cause of action.

The order appealed from is reversed.