Iowa Public Service Company, Appellant, v. City of Emmetsburg et al., Appellees.

No. 39608.

NOVEMBER 21, 1929.

REHEARING DENIED APRIL 16, 1930.

*Price & Burnquist*, for appellant.

*A. J. Burt* and *Clark, Byers & Brunk*, for appellees.

DE GRAFF, J.—In the light of our conclusion in this cause, we deem it unnecessary to quote *in extenso* from the language of the ordinance franchise in question. The title of said ordinance reads as follows:

"An ordinance granting a franchise to the Municipal Utility Company, its successors and assigns, to erect, construct, maintain and operate an electric light plant, transmission lines, sub-stations and distribution system for the generation, distribution and sale of electricity for light, heat, power and other purposes, in and through the city of Emmetsburg, and to use the streets, alleys and other public places thereof for such purpose, and providing an option to the said city of Emmetsburg to take over said plant under certain conditions, and repealing all ordinances and parts of ordinances in conflict therewith."

The Utilities Company was under obligation to finance the

enterprise, and when certain conditions, hereinafter stated, were fulfilled on the part of the Utilities Company, the city was then privileged to exercise its option to take over the plant. There was no debt created on the part of the city. The contract price was to be paid from the earnings of the plant. Taxation is not involved.

The plaintiff-appellant, Iowa Public Service Company, challenges the franchise granted by the city of Emmetsburg, Iowa, to the Municipal Utilities Company. Both corporations, under their respective franchises, serve the city of Emmetsburg, Iowa, with electric power, and it must be, and is, conceded that they are, and will be, competitors. This conceded proposition is in no sense controlling in the determination of this case. The primary question is whether the plaintiff utility company is a taxpayer, in the sense that it is in any way affected, as such, so that it may be said that it is a real and proper party in interest in this matter. The plaintiff corporation is not a user of electricity furnished by the defendant corporation, and consequently cannot be affected by or interested in the rates prescribed by the ordinance franchise granted to the Municipal Utilities Company. The plaintiff is not a taxpayer so far as the Municipal Utilities Company is concerned, and may never be such. Although the plaintiff is a taxpayer as to general taxes in said city, the purchase of the municipal plant is to be made by the profits derived from the Municipal Utilities plant, and in no event are taxes to be levied or collected to pay therefor. The taxpayers of the city of Emmetsburg may never be affected in the least by the municipal venture. What the plaintiff claims is purely anticipatory.

The plaintiff, Public Service Company, cannot object to the option at least until the city council seeks to exercise the option under the franchise. At that time, if there is any theory upon which a taxpayer would be prejudiced, it would be sufficiently early to object to that particular clause of the franchise. In any event, the franchise could be valid without the particular clause, so far as the plaintiff is concerned. If, in any event, the plaintiff might be affected in the future,—that is, if, after the city becomes the owner of the plant (which is also purely speculative), the city does not make operating expenses, and it is then necessary to tax property owners,—the plaintiff might

be affected by the fact that it is a taxpayer. However, this is all conjecture, and is prospective only, and until that event happens, it may not be said that the plaintiff has an interest in the subject-matter. As pointed out, the plaintiff sues as a taxpayer, and upon no other ground.

Section 7 of the franchise ordinance provides:

"The city council of the city of Emmetsburg shall fix and determine the rate the city shall pay for electrical energy actually used for the lighting of its streets and alleys."

This provision clearly exempts the city from the operation of the rates fixed and agreed upon by the ordinance for private consumers. The plan does not contemplate the levy, collection, or use of a dollar of taxes in the acquisition of the plant. In brief, the plant, when acquired,—if it is ever acquired,—will have cost the municipality absolutely nothing. The right of the city council to fix the rate is wholly unimpaired. Therefore, there is nothing for the taxpayers to complain of, although, as stated, the plaintiff brings this action as a taxpayer, and upon this basis only. We may visualize the situation. We have the spectacle presented of a corporation already in possession of a franchise and business in the city of Emmetsburg, seeking to enjoin its competitor from charging private users unreasonable or extortionate rates. We must presume that the rate stipulated in the ordinance is a reasonable rate, and the plaintiff-appellant has neither alleged nor attempted to prove the contrary. As a taxpayer, and a non-user of electrical energy furnished by its alleged competitor, it may not be said that the plaintiff is injured by the ordinance. The plaintiff seeks injunctive relief, and there is neither present nor threatened danger to it. Every possible hypothesis indicates the contrary. If the plaintiff is not a taxpayer, or if it is a taxpayer and not required to pay taxes, it is in no position to complain of alleged invalidity of the ordinance. It necessarily follows that the plaintiff has no interest in the subject-matter of the litigation, and that its petition is without equity. Suppose the plaintiff really believed the rate agreed upon to be unreasonable and extortionate. One of two things would result. Either the city council would permit plaintiff to charge the same rate, or, if it held it to a lower rate, it would drive the new concern out of business. Neither

result would injuriously affect the plaintiff. It stands to reason that private consumers of electrical energy will, in obedience to their personal welfare, patronize the concern that will supply the product at the lowest rate. If all producers operate at the same rate, there is no competition, and their election to patronize one or the other will be based upon other grounds. Plaintiff is in no position in equity to urge that the effect of the scheme will be to compel customers of the two plants to pay a higher rate than would otherwise prevail. Such a situation would be entirely favorable to the plaintiff, and it may safely be assumed that it would not be made a matter of complaint. The practical effect of the arrangement must be that the rates fixed will prevail as to both concerns. If it is urged at this point that this situation would be unfair to private consumers, who must patronize one or the other of the present concerns, both of which, we understand, are now in full operation, the answer is that no private consumer is at this time making any complaint. This makes the petition as presented by plaintiff without equity or merit. The ordinance franchise in question does contain a specific reservation of an option to take over the utility, under the conditions named in said ordinance. There is no debt created on the part of the municipality in so doing. There can be no challenge to the granting of the franchise itself. The fixing of rates is a matter for the city council to determine, and it is for the city council to fix a rate which, in its judgment, will represent a fair charge for the service rendered. It must be recognized that the council may not reduce the rate to a point so low that the limitation of the Constitution can be invoked,—to wit, the taking of private property without compensation. This matter, however, is purely anticipatory in this case.

The instant ordinance provides that all earnings of the Municipal Utilities plant and system over and above the cost of operation and maintenance shall be credited upon its books of account as received, and whenever the same shall amount to the total cost of the installation of said electric light and power plant (fixed at $147,947), together with its extensions and replacements thereto, plus the interest at 6 per cent per annum on the unpaid portions of principal until paid, then title to said electric light and power plant and distribution system shall pass to the city of Emmetsburg, free and clear from all bonds,

liens, mortgages, or other incumbrances, "providing, however, that the said city of Emmetsburg shall so elect to take over said plant. This privilege is an option only, and shall not bind said city of Emmetsburg, or make it obligatory to take over said plant." It is obvious, therefore, that the city of Emmetsburg is not obligated to take over this plant, and it must be borne in mind that the city council cannot be required to do anything except that which is authorized by law.

The question has been suggested as to who is the owner of the fund derived from the sale of current at the expiration of the eight-year period. No such question can possibly arise. There will not at that time be a fund. All of the income of the plant, plus 6 per cent interest, will be paid to the Utilities Company as it is earned, so that, when the eight years have expired, the plant will be fully paid for. The city has not, and will not have, the slightest interest in the fund aforesaid. The status will be that of a completed purchase and sale. The consideration will have been fully paid, and title passed to the city, if it elects to exercise the option. No statute of this state is contravened. The fund created under the ordinance plan was created solely and exclusively by private consumers of electrical current, and these consumers have voluntarily paid the same. Not a dollar has come from the city. Its legal right to fix a reasonable rate for itself is conceded by ordinance. The fund acquired in the manner provided is used to pay for the plant. It is apparent that the motive of the plaintiff is not to protect the city or its citizens against extortion, but to exterminate, if possible, a competitor.

In no way can we view this case wherein the plaintiff can suffer the slightest inconvenience or damage, except in the matter of competition, and this does not constitute an equitable ground for restraint. With this view of the situation, the trial court was correct in its ruling, and the decree entered should be affirmed, not only as to the technical grounds urged, but also upon the broad merits of the case. The decree entered is—*Affirmed*.

ALBERT, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.

MORLING, J., not participating.

EVANS, FAVILLE, and GRIMM, JJ. (dissenting).—We think

the appellant could maintain this action as a taxpayer, and we do not concur with the conclusion reached by the majority on other questions involved in the opinion, and hence dissent.