## NORTHWESTERN LIGHT & POWER CO. v. TOWN OF MILFORD, IOWA, et al. *
### No. 10399.

Circuit Court of Appeals, Eighth Circuit.
March 19, 1936.

As Modified on Denial of Rehearing
May 2, 1936.

*For opinion denying rehearing, see 82 F.(2d) 1023.

C. J. Lynch, of Cedar Rapids, Iowa, and H. E. Narey, of Spirit Lake, Iowa (Donnelly, Lynch, Anderson & Lynch, of Cedar Rapids, Iowa, on the brief), for appellant.

William L. Hassett, of Des Moines, Iowa (George A. Rice, of Mapleton, Iowa, and Diamond & Jory, of Sheldon, Iowa, on the brief), for appellees.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The appellant, plaintiff in the court below, is a Delaware corporation engaged in producing and selling electricity in Iowa. It owns a distribution system and a street lighting system in the town of Milford, Iowa, and has a contract with the town to light its streets. This contract was made in 1928. It could have been, but was not, terminated July 1, 1933, and by its terms now runs until July 1, 1938. Under it the town obligates itself to levy the taxes necessary to pay the stipulated charges for street lighting. While the plaintiff has continued to supply the town and its inhabitants with electricity, it has been operating in the town without a franchise since October, 1933.

On May 28, 1934, the town entered into a contract with the Monroe Electric Company for the erection and equipment of a municipal electric plant and distribution system at a cost of $67,500, to be paid from the net earnings of the plant. This contract required the town to deliver to the electric company, as evidence of the amounts to be paid and the times when they were payable, twenty-two "revenue bonds" of varying denominations. The first of these bonds was due one and one-half years from the date of its issue, and the last, twelve years from such date. The bonds bore interest at 6 per cent. per annum and were to be secured by a pledge of the plant and equipment and the net earnings thereof, but were not general obligations of the town payable by taxation, and the contract and the bonds provided that the town should not be liable if the net earnings of the plant were insufficient for their payment. The bonds were to be delivered to the electric company in payment for the plant and equipment, and when the bonds were paid out of net earnings the plant was to belong to the town.

On the same day that the town entered into this contract with the Monroe Electric Company, it authorized the institution of an action to oust the plaintiff from the streets and alleys of the town. A proceeding in quo warranto was thereafter brought against the plaintiff in the state court and was removed by it to the federal court, where it is now pending.

The plaintiff on June 29, 1934, brought this suit in equity against the town, its officers, and the Monroe Electric Company to enjoin them from carrying out the contract for the erection and equipment of the municipal plant, from using any of the funds derived from the levy for street lighting for any other purpose than the payment to the plaintiff of the amounts due it by the terms of the contract for street lighting, from interfering with the carrying out of that contract by the plaintiff, and from ousting the plaintiff's distribution and street lighting systems from the town. The basis for the suit was that the contract with the Monroe Electric Company was illegal, that the town proposed to breach the street lighting contract, and that the plaintiff was entitled to the use of the streets for the purpose of carrying out the street lighting contract.

Issues were joined, and the court below referred the case to a special master, who reported his findings and conclusions and recommended a decree of dismissal. The case then came before the court upon exceptions to the master's report. The court decided that the contract between the town and the Monroe Electric Company was a valid contract; that the town's street lighting contract with the plaintiff was dependent upon the right of the plaintiff to continue legally to occupy the streets of the town; and that when that right should have expired the street lighting contract would be at an end.

The court found: " * * * that the town has not as yet directly interfered with the use of the streets and highways of the town or refused to make the payment under the terms of the lighting contract or as yet diverted the levies for that purpose or threatened to do so within the period that the plaintiff might reasonably be expected to lawfully use the town's property. The levy as above suggested is

not to be diverted for other purposes for a period of eighteen months from the construction of a new plant, and while the quo warranto proceedings instituted may have been prematurely brought, there is nothing in the evidence that discloses any intent or purpose on the part of the town or its officers to oust the plaintiff by methods or means other than a proper proceeding in court." The court dismissed the case upon the merits but without prejudice to the filing of another petition in the event that the town should endeavor to remove the property of the plaintiff from its streets prior to the time when the rights of the plaintiff were terminated by a proper judicial proceeding. From the decree the plaintiff has appealed.

■ No order or interlocutory injunction restraining the defendants from carrying out the contract between the town and the Monroe Electric Company during the pendency of the suit was applied for or entered, and by April, 1935, the municipal plant had been completed, equipped, and accepted by the town, the revenue bonds had been delivered to the electric company, and the contract in all respects fully performed. This appears from the affidavits accompanying the motion of the defendants to dismiss the appeal on the ground that the case has become moot, and is not controverted. This change in conditions, although not appearing upon the record, may properly be considered. Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293; Lord v. Veazie, 8 How. 251, 12 L.Ed. 1067; California v. San Pablo & Tulare Railroad Co., 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747.

■ This court will not direct the issuance of an injunction to prohibit the doing of things which have already been done. Mills v. Green, supra, 159 U.S. 651, 16 S. Ct. 132, 40 L.Ed. 293; Wingert v. First National Bank, 223 U.S. 670, 32 S.Ct. 391, 56 L.Ed. 605; Brownlow et al. v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620. This disposes of so much of the appeal as relates to the failure of the lower court to declare the contract for the erection of the municipal plant illegal and void and to enjoin its performance. The question whether the contract was illegal has now become academic.

■ The plaintiff contends that it was entitled to an injunction to prevent the town from violating the street lighting contract and from diverting the funds derived from the levy for street lighting purposes to the municipal plant. This contract was made by the town in its proprietary capacity as a purchaser of electricity. It was nothing more than an agreement on the part of the plaintiff to sell, and on the part of the town to purchase, electric service at a stipulated price. A breach of the contract would give to the plaintiff a cause of action at law for damages. The amount which the plaintiff would be entitled to recover in case of a breach would be readily ascertainable. Under the circumstances, a suit in equity for an injunction to restrain a breach would not lie. Boise Artesian Hot & Cold Water Co. v. Boise City, 213 U.S. 276, 281, 29 S.Ct. 426, 53 L.Ed. 796; Singer Sewing Mach. Co. v. Benedict, 229 U.S. 481, 484, 33 S.Ct. 942, 57 L. Ed. 1288; Northern Pac. Ry. Co. v. Van Dusen Harrington Co. (C.C.A.8) 245 F. 454; Cappetta v. Atlantic Refining Co. (C. C.A.2) 74 F.(2d) 53, 98 A.L.R. 418; New York Guaranty & Indemnity Co. v. Memphis Water Co., 107 U.S. 205, 2 S.Ct. 279, 27 L.Ed. 484; Raton Waterworks Co. v. Raton, 174 U.S. 360, 19 S.Ct. 719, 43 L.Ed. 1005; City of Seattle et al. v. Puget Sound Power & Light Co. (C.C.A.9) 284 F. 659.

The cases upon which the plaintiff relies in asserting that the court below should have enjoined the breach by the town of the street lighting contract[1] we think are distinguishable from the case at bar on the ground that damages for the breach of the contracts involved in those cases were not readily ascertainable.

■ It can be argued that, at the time of trial (the municipal plant not having been completed), none of the issues in this case had become moot, and that, since the court had jurisdiction to determine the validity of the contract between the town and the electric company for the construction of the municipal plant, it also had power, in order to accord the plaintiff complete relief, to deal with the alleged anticipated

[1] Oklahoma Natural Gas Corporation v. Municipal Gas Co. et al. (C.C.A. 10) 38 F. (2d) 444; Griffin et al. v. Oklahoma Natural Gas Corporation (C.C.A. 10) 37 F. (2d) 545; Allen W. Hinkel Dry Goods Co. v. Wichison Industrial Gas Co. (C.C. A. 10) 64 F.(2d) 881; Vicksburg Waterworks Co. v. Vicksburg, 185 U.S. 65, 22 S.Ct. 585, 46 L.Ed. 808.

breach of the street lighting contract, regardless of the adequacy of the plaintiff's remedy at law with respect to that phase of the controversy. The answer to this argument is that, as owner of a distribution system, the plaintiff was without right to contest the validity of the construction contract because it had no franchise rights to protect and therefore did not bring itself within those cases[2] holding that a utility having even a nonexclusive franchise may protect itself from unlawful competition.

 As a taxpayer, the plaintiff had no right to question the validity of that contract because the purchase price of the plant was to be paid from earnings only and not from taxes, and would never be a burden upon the plaintiff as a taxpayer. Iowa Public Service Co. v. City of Emmetsburg et al., 210 Iowa, 300, 227 N.W. 514; Wyatt v. Town of Manning et al., 217 Iowa, 929, 250 N.W. 141; Greaves v. City of Villisca, Iowa, et al., 217 Iowa, 590, 251 N.W. 766. Since the contract did not increase the burden of taxation, the plaintiff, as a taxpayer, could not enjoin its performance. Simmons v. Board of Education of Crosby et al., 61 N.D. 212, 237 N.W. 700, 703; Andrews v. City of South Haven, 187 Mich. 294, 153 N.W. 827, 830, 831, L.R.A.1916A, 908, Ann.Cas.1918B, 100. Cf. Crampton v. Zabriskie, 101 U.S. 601, 609, 25 L.Ed. 1070; Massachusetts v. Mellon, 262 U.S. 447, 486, 43 S.Ct. 597, 67 L.Ed. 1078; Snyder v. Foster et al., 77 Iowa, 638, 42 N.W. 506; Cascaden v. City of Waterloo et al., 106 Iowa, 673, 77 N.W. 333; Dillon on Municipal Corporations, § 1579, et seq.

 It is suggested in this connection that the contract requires a wrongful diversion of the tax levy for street lighting to the municipal plant. This suggestion, founded upon a statement in the plant specifications, which are made a part of the contract by reference, that "the revenue from the town street lights would be available to the municipal plant," is unsound for the reason that the contract contains no covenant to that effect, and the court properly found that no unlawful diversion was threatened. The estimate of the probable future earnings of the municipal plant, based in part

on the supposition that the town will purchase electricity from its own plant, is not an agreement that it will do so.

 The asserted rights of the plaintiff to occupy the streets of the town for the purpose of carrying out its contract for street lighting, or for any other purpose, can be determined in the quo warranto proceedings which are now pending in the court below. This is an additional reason for not determining, in this equity suit, the rights of the parties to the street lighting contract, or whether by virtue of that contract or for any other reason the plaintiff may lawfully continue to occupy the streets of the town.

This case is remanded with directions to enter a decree dismissing the bill for reasons stated herein.

[2] Arkansas-Missouri Power Co. v. City of Kennett, Mo., et al. (C.C.A. 8) 78 F. (2d) 911, 914; City of Campbell, Mo., et al. v. Arkansas-Missouri Power Co. (C. C.A. 8) 55 F.(2d) 560; Iowa Southern Utilities Co. v. Cassill, Mayor, et al. (C. C.A. 8) 69 F.(2d) 703; Frost v. Corporation Commission of Oklahoma et al., 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483.