[No. 6086.]

GALE v. STATLER, COUNTY TREASURER.

1. **Constitutional Law** — A question under the constitution will not be passed upon unless essential to the determination of the case in hand.—(74)

2. **Taxes — Assessment — Additions to Schedule** — The provision of the statute (Laws 1901, ch. 94, sec. 93) requiring notice to be given by the assessor to a taxpayer, of additions made to a schedule, is substantial and imperative. The omission of the notice is not a mere irregularity. An addition to the schedule filed by the taxpayer, without giving the notice required by the

statute, deprives him of a substantial right, the assessment thereon is void, and the collection of the tax will be enjoined. —(77, 78)

The fact that the addition was made at so late a day that the notice could not be given will not excuse the unlawful act of the assessor, where, by the schedule, he was informed that the taxpayer claimed that the moneys in question were, under sec. 14 of the act, not taxable as moneys and credits.—(76)

3. **Statutes Construed**—The statute regulating the collection of a public revenue (Laws 1901, ch. 94, sec. 93) required every citizen to file by a certain date a schedule of his taxable property. It provided that the assessor should, by a certain date, mail to each person whose property had been assessed at a valuation other than that given in the schedule, a statement of the change, and give public notice in at least one newspaper, of a day when objections to the assessment roll would be heard, and that if, upon such hearing, the objections of any taxpayer were overruled by the assessor, an appeal might be taken to the district court or county court. Subsequent sections of the statute provided that "No informality in complying with the above requirements shall render the proceedings or the collection of the tax illegal." (Sec. 122.) That in case of failure by the assessor to assess any property, it shall be assessed by the treasurer (sec. 125); that the treasurer may insert in the tax warrant any property omitted therefrom (sec. 153); that omissions in any tax roll may be supplied by the assessor or by the treasurer, after its receipt (sec. 175); and by a prior section it was declared (sec. 79) that no failure of the owner to return his property, or procure errors in the assessment to be corrected, and no irregularity, error or omission in the assessment should in any manner affect the legality of any tax levied upon such property. Held that a material addition to the schedule filed by a taxpayer, without the notice required by the section first cited, is not a mere irregularity; that the tax so attempted to be exacted is an illegal imposition, not justified by the other provisions of the statute, and its collection may be enjoined.—(74-78)

4. **Taxes — Illegal — Injunction —** A taxpayer returns the schedule of his property in due season. The assessor makes a material addition thereto without giving him notice as required by the statute. The collection of the tax levied upon the same so added to the schedule will be enjoined. That the taxpayer might obtain relief by application to the board of county commissioners, does not deprive him of this right.—(77)

*Appeal from Weld District Court*—Hon. JAMES
E. GARRIGUES, Judge.

Mr. J. W. McCREERY, for appellant.

Mr. DELPH E. MOSES, and Mr. HARRY E. CHURCH-
ILL, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of
the court:

This is a controversy between a taxpayer and the
treasurer of Weld county. Two important questions
are argued by counsel. The first is as to the con-
stitutionality of the proviso of sec. 14 of the general
revenue act of 1901, Sess. Laws 1901, page 244, read-
ing: "That where any property is mortgaged, con-
veyed or pledged for the security of a loan or debt
then owing, the said property and the notes, mort-
gage, deed of trust, trust deed, contract or other con-
veyance, shall be assessed as a unit, and as one and
the same, and as of one value and as the value of said
property so mortgaged, pledged or otherwise con-
veyed only, and any such notes, mortgages, deeds of
trust, trust deeds, contract or conveyance, shall not
be otherwise returned or assessed." The other in-
volves the validity of the action of the county as-
sessor in adding to the list of property included in
the schedule, filed by the taxpayer, certain moneys
and credits which the latter omitted to enumerate.

It is thoroughly established in this jurisdiction,
to which the citation of our decisions is unnecessary,
that a constitutional question will not be passed upon
unless it is essential to the determination of the case
in hand. Our decision upon the second question
above mentioned, which is whether the county as-
sessor complied with the statutes in listing the se-
cured credits of the taxpayer, requires a reversal of
the judgment below, which determined that such com-

pliance was had, and it therefore becomes unnecessary to determine the constitutional question argued. Assuming then, for our present purpose, that secured credits, such as mortgages, are taxable, separate and apart from the property mortgaged, but without deciding that they are, we proceed to inquire whether the assessment of plaintiff's secured credits in this case was in accordance with the statutes. The plaintiff, as provided by sec. 45 of the revenue act, duly made out on the blank furnished him by the assessor and delivered to that officer a schedule of what he considered his taxable property, and stated therein that it included all of the property owned by him and subject to taxation, except certain secured credits in the form of mortgages, which, in accordance with sec. 14 above quoted, he was not required to list. This exception must have been, and unquestionably was, called to the assessor's attention at or about the time the schedule was filed. Shortly before the assessment roll was completed and delivered to the county treasurer, the county assessor, without notice, and without requiring of the plaintiff the filing of another schedule, and without his knowledge, added to and increased the valuation of his property by placing upon the tax roll, under the head of "Moneys and Credits," the item of $8,500.00, as the amount of mortgages which plaintiff owned and which were secured upon lands in Weld county. The plaintiff denies, and the defendant asserts, the validity of this act of the assessor. The question depends upon the provisions of the revenue act to which we now refer. Sec. 46 empowers the assessor in his discretion to examine under oath any taxpayer who files a schedule, and he may require him to answer such questions as may be propounded to him touching matters set forth in the schedule and in relation to his taxable property within the county, and for the refusal

of such person to submit to this examination he may
be cited before the county or district court to submit
to such examination and be compelled to answer.
By sec. 93, if any taxpayer believes that he has been
twice assessed, or that property exempt from taxa-
tion has been assessed against him, or if any of his
property has been assessed too high, or otherwise
illegally assessed, he may appear before the assessor
and make known to the latter the facts in the prem-
ises, and if any mistake has been made the assessor
must correct it.   In order to enable such grievances
to be heard the assessor is required, before the first
Tuesday in August of each year, to mail to such tax-
payer a statement of any change in valuation which
he has made, and to fix a day therein when he will sit
and hear any objection to the assessment roll as pre-
pared by him, when such grievance may be heard and
determined.   Sec. 94 directs how such hearing shall
be had, and, if the assessor overrules the objection,
the taxpayer may appeal from his decision to the
district or county court, and have the matter there
determined.   The county treasurer admits that the
assessor did not comply with any of the provisions
just mentioned, and as justification says that the as-
sessor did not change plaintiff's schedule and add
thereto the secured credits until after the statutory
time for such compliance had passed.   This is not a
justification.   It is a mere subterfuge.   The assessor
knew from the plaintiff's schedule of an alleged
omission and had ample time to make the change and
give the statutory notice, so that the plaintiff might
appear and have his grievance heard as the statute
says he may.

The further contention of defendant that plain-
tiff may not maintain this action to enjoin the collec-
tion of the tax because he might have had appro-
priate relief, if he was entitled to any, before the

board of county commissioners, is also without merit. The sections of the statute referred to give him the absolute right to have his grievance heard by the county assessor and, if he does not get it there, an appeal to the district or county court, where he may again be heard. We are cited to no provisions of the statute which take away this right, whatever may be the power of the board to grant relief *after* an erroneous tax has been paid.

But defendants say that if the assessor had made the change in plaintiff's schedule at such a time as that the latter might have been, in accordance with the statute, given notice thereof, the omission to observe these statutory requirements does not affect the validity of the assessment. We are cited to sec. 122, which says that "No informality in complying with the above requirements (to which the assessor must conform) shall render any proceedings for the collection of taxes illegal," and to sec. 125, which provides that in case of the failure or neglect of the assessor to make a particular assessment, the same shall be done by the treasurer, and to sec. 153, which confers upon the county treasurer the power, after the assessment roll has been delivered to him, to put thereon property which has been omitted, and to sec. 175, that "Omissions, errors, or defects in form in any assessment list or tax roll, * * * may be supplied or corrected by the assessor at any time before the return of the tax roll to the treasurer, or by the treasurer at any time after its receipt," and to that part of sec. 79 which says: "No failure of the owner to return his property for assessment, * * * or to procure the errors in the assessment to be corrected, and no irregularity, error or omission in the assessment of any property or in the levy of any tax, *shall in any manner affect the legality of any tax levied upon such property, nor any right or title to*

*such property which would have accrued to any party claiming or holding the same under or by virtue of any sale of the treasurer or any deed executed by the treasurer as provided by law, had the assessment of the property been in all respects regular."* These various provisions, they say, render of no moment the assessor's failure to give the notice to the taxpayer, which sec. 93 requires, when changes and additions have been made to his schedule. This contention is based upon a misapprehension of their effect. It is true that no mere irregularity or omission in the assessment of property or the levy of a tax affects the legality of the tax levy; but an omission to conform to such substantial provisions of the statute as require notice to be given the taxpayer, if a material addition has been made to his schedule, so that he may have the opportunity to be heard before the assessor and if the decision of that officer is against him, before the district or county court, does invalidate a tax which has been levied in violation of such requirement, and the taxpayer, before the tax sale, may have relief. Notice of some kind in a case of this sort is essential, and the failure to give it deprives the taxpayer of a substantial right which the statute has conferred. As already said, the defendant cannot hide behind the claim, which is nothing but a subterfuge, that in this case the notice could not be given at the time fixed by statute, because the change was not made until after that time had passed. That would entirely defeat the very object of the law, which is to furnish the taxpayer with notice. Neither can they be heard to say that the taxpayer was not deprived of a substantial statutory right, compliance with which is a condition precedent to the validity of the tax levy, upon property added by the assessor to his schedule. In view of our statute, citation of authorities to this proposition seems unnecessary.

The defendant has not called our attention to any authority which holds that the failure of the county assessor to give such notice is a mere irregularity or formal matter, omission of which does not affect the validity of the assessment or levy.  The statutory requirements seem too plain and important to admit of any claim that they can be ignored.  For this failure of the assessor to give the statutory notice, thus depriving plaintiff of his statutory right to be heard, which the statute itself gives, the judgment of the district court is reversed and the cause remanded with instructions to enter a judgment enjoining the collection of the tax on plaintiff's secured credits based upon a valuation thereof, and which the assessor added to the schedule.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.