[No. 8123.]

## CARBON COUNTY SHEEP & CATTLE COMPANY V. COUNTY COMMISSIONERS OF ROUTT COUNTY.

1. CONSTITUTIONAL LAW—*Particular Statute.* Section 5608 of the Revised Statutes provides that personal property shall be assessed in the county where it shall be on the first day of April of the current year.

The provisions of sec. 5733, requiring that live stock driven into a county for the purpose of grazing, at any time of the year, shall be assessed, etc., "the same as if it had been in the county at the time of the annual assessment," is void, as opposed to sec. 3 of art. 10 of the Constitution requiring uniformity of taxation. (226, 227.)

2. —— *Class Legislation.* A statute prescribing a different rule for the taxation of different species of live stock, or distinguishing between live stock driven into the state to be grazed, and other live stock, condemned. (228-230.)

*Error to Routt District Court.* Hon. JOHN T. SHUMATE, Judge.

Mr. GEORGE E. BRIMMER, Mr. L. E. ARMSTRONG, for plaintiff in error.

Mr. EDWIN H. PARK, for defendant in error.

BAILEY, J., delivered the opinion of the court.

The Carbon County Sheep and Cattle Company, a Wyoming corporation, brought its action in the District Court of Routt County, against the Board of County Commissioners, to recover taxes assessed on certain sheep owned by it, for the years 1908 and 1910, respectively, and paid under protest, upon distraint of the property. The northern boundary line of Colorado is, at the point in question, the northern boundary line of the Routt National Forest, Routt County being situate in the northwestern corner of this state, and adjacent to Wyoming. The plaintiff had driven these sheep from the latter state upon the National Forest in Routt County, for grazing purposes, from July 1st to September 30th of each year, where they were assessed by the county authorities. Judgment was against the plaintiff below, which it brings here for review on error.

Section 5608, Revised Statutes 1908, is as follows:

"Except as otherwise provided herein, personal property shall be listed and assessed in the county where it shall be on the first day of April of the then current year."
That part of section 5763, R. S. 1908, under which the tax was levied in this case, reads:

"When any live stock is driven into a county for the purpose of grazing therein, at any time in any year, it shall be liable to be assessed for all taxes leviable in that county for that year, the same as if it had been in the county at the time of the annual assessment, and it shall be lawful for the county assessor in each county of the state of Colorado, to assess cattle, sheep and horses, as of any date such assessor may desire, providing that the same shall be assessed as of some day between the first day of January and the thirty-

first day of December in each year.   *   *   *"—(Laws 1902, p. 150.)

To reach a conclusion it is only necessary to determine the validity of that part of section 5763 quoted above. It deals with live stock not taxable as personal property in a county on the first day of April of the current year under section 5608, *supra*. The provision in question imposes a tax on live stock driven into a county for grazing purposes, except when such live stock consists of cattle, sheep or horses, which are declared taxable without reference to the purpose for which brought in, and by necessary implication relieves from taxation for the current year all live stock, with the exception noted, brought into a county for other than grazing purposes, and as well all other personal property brought in, when not taxable as personal property therein on April 1st under section 5608, *supra*. This follows because there is no general statute making all personal property brought into a county, not therein on April 1st, liable to taxation for the current year. A statute which thus discriminates is clearly obnoxious to section 3, Article X, of the Constitution, requiring uniformity in taxation, which implies equality in the burden of taxation.

The case of *County Commissioners v. Wilson,* 15 Colo. 90, 24 Pac. 563, involved the validity of taxes assessed upon cattle and horses shipped into this state from Kansas in September, 1884. Section 22 of the revenue statute then in effect provided that "all personal property shall be listed in the county where it shall be on the first day of May of the then current year," and section 23: "When any stock is driven into a county for the purpose of grazing therein, at any time previous to the last day of December in any year, it shall be liable to be assessed for all taxes leviable in that county for that year the same as if it had been in the county at the time of the annual assessment." Construing these two sections with a view of harmonizing them and upholding all parts of the act, the court said:

"Under the authorities above cited, we are clearly of the opinion that section 23, relied upon by appellant as the authority supposed to warrant the proceeding of the county treasurer in the assessment, cannot be construed to sustain the action of the county. In order to render the personal property (in this case cattle and horses) liable for taxes for the year 1884, it must have been *in esse* as property within the state, and have become a part of the mass of personal property subject to the jurisdiction of the state on the 1st day of May of that year. * * *

By applying these well-settled rules of construction to the statute in question, and holding, as we must, that the subsequent sections were intended to refer to and be controlled by section 22, and that the horses and cattle referred to in section 23 and subsequent sections, for the purpose of taxation, were those that were in the state and properly subject to taxation on the 1st day of May of each year, we obviously reach and adopt the intention of the legislature, and harmonize the different provisions so as to enable all to stand; but if we adopt the construction of the twenty-third section contended for by appellant, and hold the section to include for purposes of taxation cattle and horses purchased abroad and driven into the state and county by residents of the state between the first day of May and the last day of December of each year, we render section 23 void and inoperative, for violating the provisions of the constitution and the fundamental principle of equality in taxation that must underlie every system of taxation to render it constitutional and operative. When, as in this case, it is by its terms applicable to one class only of personal property brought into the state between those dates, and exonerates all other personal property brought into the state from the burden of taxation, the discrimination is so obvious that its unconstitutionality is at once apparent. * * *

There is no general statutory provision for taxing personal property brought into the state between the first of

May and the last of December. By the construction sought for this section, only a particular kind of class of personal property is sought to be taxed, while all other kinds are exonerated,—a clear and palpable violation of a fundamental constitutional principle."

Counsel asserts that the *Wilson* case is in effect authority for upholding the statute here involved, because section 22 there involved simply provided for the listing of all personal property in the county where it shall be on the first day of May of the current year, while section 5608, *supra,* provides that "except as otherwise provided herein" personal property shall be listed and assessed in the county where it shall be on the first day of April of the current year; that the addition of the words "except as otherwise provided herein" cured the condition necessitating the conclusions reached in the *Wilson* case. It is not apparent how the addition of these words could make a statute valid which is otherwise void, and nothing in the argument of counsel points out how it does so. The opinion in the *Wilson* case clearly indicates the reasons which make a provision such as the one under consideration invalid.

In the case of *Leonard v. Reed,* 46 Colo. 307, 104 Pac. 410, 133 Am. St. 77, the court had under consideration the provisions of the statute making a stock of goods or merchandise, brought into the state for the purpose of disposing of the same in a place of business temporarily occupied for their sale, liable for full taxes for the year in which they entered the state, known as the Itinerant Vendor's Act. The court, speaking by Mr. Justice Gabbert, said:

"Uniformity in taxing implies equality in the burden of taxation, and all taxes must be uniform on the same class of property within the jurisdiction of the authority levying them.—*Catron v. County Commrs.,* 18 Colo. 553, 33 Pac. 513; *People ex rel. Crawford v. Lathrop,* 3 Colo. 423; *Sleight v. The People,* 74 Ill. 47.

Tested by our constitution and the principles deducible

therefrom, we find the law wanting in validity. It imposes a tax upon goods and merchandise brought into any county subsequent to the first day of May in any year for temporary lodgment and sale, and by necessary implication, relieves goods of a similar character brought into the same county at the same time from the burden of such tax if they be not placed upon the market. This discrimination robs the law of the indispensable requisite that taxes shall be uniform upon property within the jurisdiction of the body imposing them. If a certain character of property brought into a county for a particular purpose after the first day of May in any one year may be subjected to a tax, then all other property within the same jurisdiction of a similar character must be subjected to the same tax in order to satisfy the provision of our constitution on the subject of uniformity of taxation.—*Graham v. Commrs. of Chautauqua Co.*, 31 Kan. 473, (2 Pac. 549) ; *County Commrs. v. Wilson, supra.*

It may be that the act only covers that class of goods or merchandise usually sold from a storeroom. We do not deem it necessary to pass upon this question, but call attention to the fact that if it was so construed, then it would be obnoxious to the provision of our constitution relating to uniformity of taxation, for the reason that all chattels not usually sold from a storeroom, like horses or cattle, although brought into the county after the first day of May in any year and placed upon the market, would not be subject to the tax provided by the statute."

It is contended that the provision specifies a class, migratory live stock, and that the law is reasonable and not arbitrary respecting that class, and should stand. The contention is manifestly opposed to the conclusions reached in *County Commissioners v. Wilson, supra,* and *Leonard v. Reed, supra,* to the effect that any classification such as suggested by counsel is calculated to produce inequality and injustice.. Furthermore, in the present case, if it were necessary to so limit the question, the provision of the statute

does not treat all live stock alike. Certain kinds of live stock only are made liable under it, and this discrimination alone is sufficient to nullify the provision. Moreover, the statute discriminates between live stock brought into the state for grazing purposes and that brought in for other purposes, except as to cattle, sheep and horses.

No case is cited from this jurisdiction, or from any other having like constitutional and statutory provisions, nor has any plausible argument been offered, which challenges the soundness of the principles declared in the authorities above quoted, upon which this decision is based.

The judgment is reversed and the cause remanded, with directions to enter judgment in favor of the plaintiff.

*Judgment reversed.*

Decision *en banc*.