No. 8964.

DELTA LAND & ORCHARD COMPANY ET AL. *v.* ZANINETTI
ET AL.

1. DEED—*Effect.* In an action for the recovery of lands in an irrigation district, under a tax deed, judgment may, under sec. 22 c. 109 of the Laws of 1915 be given, that defendant within a time limited pay into court the tax and interest evidenced by the deed, and the cost of its execution and record, and that in default of such payment plaintiff is declared the owner of the land, and entitled to possession;—and this, even though the deed is void upon its face. *Dussart v. Abdo. Co.,* 57 Colo. 423, and *Silford v. Stratton,* 54 Colo. 248, distinguished.

2. CONSTITUTIONAL LAW—*Regularity of Tax Deed,* is subject of legislative control. The final provision of sec. 22 of c. 109 of the Acts of 1915, is not unconstitutional.

*Error to Delta District Court, Hon. Thomas J. Black, Judge.*

Messrs. PLUMB & BURNETT, Mr. JOHN F. MAIL, for plaintiffs in error.

Mr. THOMAS Y. BRADSHAW, Mr. WILLARD FAIRLAMB, for defendants in error.

Chief Justice Hill delivered the opinion of the court:

THIS suit was brought by claimants under a tax deed for possession of lands situate in an irrigation district. The court found that the only issues raised were such as go to the regularity of the plaintiffs' deed; that the defendants had not paid the taxes, interest, penalties and cost due upon the plaintiffs' certificate of purchase, and incurred in the taking out of plaintiffs' tax deed, for which reason that they were without right to attack its validity. It also found that the deed was void upon its face, for the reason that non-contiguous tracts were sold en masse. The judgment was to the effect that the defendants, within thirty days, be required to pay into court the amount of taxes and interest evidenced by the tax deed, and the expenses incurred for its execution and recording; that unless they did so within said time, that the plaintiffs be adjudged to own the land, and are adjudged the right to possession, etc.

It is urged that as the suit was for the recovery of possession of land, that the judgment did not comply with the provisions of section 288, Revised Code 1908, covering such cases, for which reason it is void. We agree that the judgment is not in compliance with the provisions of section 288, *supra,* and was not intended to be. It can not be successfully claimed that it is not authorized by the provisions of section 22, chapter 109, pages 315-318, Laws 1915, unless it might be suggested that it is more favorable to the defendants than this section warrants, which, of course, they are not in a position to raise.

It is claimed that the portion of section 22, *supra,* followed by the court is unconstitutional, in that it denies to the defendants due process of law, and that the court erred in receiving the tax deed in evidence for any purpose upon account of its being void on its face. That portion of section 22, *supra,* under which the court acted and necessary to consider, reads:

"In any case in which the claimant has title or color of title to land in an irrigation district under a tax deed duly recorded, and shall bring his suit for possession of or to quiet title to such lands, the invalidity or alleged invalidity or insufficiency of the tax deed shall not be a sufficient defense after the expiration of five years from and after the execution, delivery and record of said tax deed, nor, if such defense is pleaded prior to the expiration of said five years, shall the invalidity or insufficiency of the tax deed be considered by the court as a defense, unless defendant shall first deposit with the clerk of the court in which said suit is brought a sufficient amount to pay the taxes, interest, expenses and penalties, including the amount of subsequent taxes, and interest at eight per cent per annum, paid on account of such tax sale, for the benefit of and to be paid to the person or persons entitled thereto, when ascertained by the judgment in said suit."

The cases cited do not sustain the contention that this section works a denial of due process of law. The regularity of a tax deed is a matter of legislative control. Former

statutes provide that a deed in a certain form shall be *prima facie* evidence of certain facts. This one provides in a suit of this kind that its invalidity or insufficiency shall not be considered by the court as a defense, unless the defendants shall first deposit with the clerk a sufficient amount to pay the taxes, etc. Being the latest legislative declaration on the subject, it, of necessity, repeals any portion of any prior act in conflict with it.

The claim that it deprives the landowner of the right in this suit to raise the question of the invalidity of a portion of the tax, if true, does not, for that reason, deny unto him due process of law. Our revenue laws provide a complete method of procedure concerning the assessment, levying and collection of taxes, including the right to landowners, at certain times and places, to be heard before proper tribunals upon all of these questions. Section 5750, Revised Statutes 1908, provides that when he pays any tax thereafter found to be erroneous or illegal, that the county shall refund the same without abatement or discount. This court has repeatedly construed this section as giving him a cause of action against the county for any tax, the validity of which he, at that time, has the right to question, and that our revenue laws, including this section, gives to him due process of law concerning the validity of any tax imposed upon his land. *Bent County v. Santa Fe Co.*, 52 Colo. 609, 125 Pac. 528; *Nile Irri. Dist. v. English et al.*, 60 Colo. 406, 153 Pac. 760.

*Dussart v. Abdo Company*, 57 Colo. 423, 140 Pac. 806, and *Silford v. Stratton*, 54 Colo. 248, 130 Pac. 327, are relied on as sustaining the contention that the court was without power in this action to order the defendants to pay this tax. One difficulty with this contention is, that the order of the court was not absolute, but conditional, that if defendants wished to take advantage of the invalidity of the tax deed, they must first pay the tax, etc. The first of these cases has no application to a contention of this kind. The second is to the effect that a personal action will not lie against the owner in favor of a tax title

claimant to collect the amount of a tax on real estate after an invalid sale. It is not applicable here for two reasons; first, the suit was not to collect the tax from the owner, but for possession of the land under the tax deed; second, the 1915 act was not in existence when the former suit was heard. Its passage was evidently for the purpose of assisting the counties to secure purchasers at tax sales for lands in irrigation districts, in order to better enable not only the state and counties, but such districts, to secure their taxes, so that their affairs may not be crippled by the failure of landowners to pay them; otherwise, if the position of the defendants is sustained, tax sale purchasers for such lands where the amounts are large might be lacking and both county and district revenues become endangered upon account thereof.

Section 5733, Revised Statutes 1908, provides as a prerequisite to a recovery of lands by the owner against one claiming under an invalid tax deed, that he must pay the tax title claimant the amount for which the lands were sold, with interest, etc. *Rustin v. M. & M. Tunnel Co.,* 23 Colo. 351, 47 Pac. 300.

The 1915 act, among other things, extends the substance of this equitable doctrine to suits by tax deed claimants for possession of lands in irrigation districts, by providing that before the owner can question the validity or regularity of the tax deed. he must pay the amount of the taxes, etc. Such procedure is a matter of legislative control. *Crisman v. Johnson,* 23 Colo. 264.

The judgment is affirmed.

Affirmed.

*En banc.*