No. 10,181.

HUTCHINSON *v.* HERRICK, COUNTY TREASURER OF GUNNISON COUNTY, ET AL.

Decided December 5, 1921. Rehearing denied January 9, 1922.

Action to have a tax assessment on livestock declared void and to restrain a sale of the property for taxes. Demurrer to complaint sustained.

*Reversed.*

1. TAXES AND TAXATION—*Void Assessment.* The livestock of plaintiff in error was assessed in Delta county under the provisions of section 5608, R. S. 1908, relating to the assessment of personal property. Thereafter, on the ground that some of the

same stock ranged in Gunnison county during a portion of the
year, it was assessed there under authority of chapter 191, S. L.
1911, concerning the assessment of live stock ranging in differ-
ent counties.  Held, that the latter assessment was void, on the
grounds that it subjected the stock in question to a double as-
sessment, and was made under authority of a part of the statute
which had theretofore been declared unconstitutional.

*Error to the District Court of Gunnison County, Hon.
Thomas J. Black, Judge.*

Messrs. FAIRLAMB & HOTCHKISS, Messrs. MOYNIHAN,
HUGHES, KNOUS & FAUBER, for plaintiff in error.

Messrs. STONE & KOCHEVAR, for defendants in error.

Mr. LESLIE E. GREENE, *Amicus curiæ.*

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

A PORTION of section 5763 R. S. 1908 (L. 1902) reads as
follows:

"When any livestock is driven into a county for the pur-
pose of grazing therein, at any time in any year, it shall
be liable to be assessed for all taxes leviable in that county
for that year, the same as if it had been in the county at
the time of the annual assessment, and it shall be lawful
for the county assessor in each county of the state of Colo-
rado, to assess cattle, sheep and horses, as of any date
such assessor may desire, providing that the same shall be
assessed as of some day between the first day of January
and the thirty-first day of December in each year."

This clause was held unconstitutional by this court.
*Carbon Co. S. & C. Co. v. Routt Co.,* 60 Colo. 224, 152 Pac.
903.  Prior to the decision in that case the section had been
amended by re-enacting the clause above quoted and add-
ing thereto a "proviso" of which the following is a part:

"Provided, that cattle, sheep or horses that range or are
kept or herded in one county a part of the year and range
or are kept or herded in another county the remaining part

of said year shall be assessed and taxed in either of said counties, and such taxes shall be divided between said counties in proportion to that part of the year said stock remained in each county;" Chap. 191, L. 1911, p. 553.

Section 5608 R. S. 1908, reads:

"Except as otherwise provided herein, personal property shall be listed and assessed in the county where it shall be on the first day of April in the then current year."

It appears from the complaint in this case that on April 1, 1916, plaintiff resided in Delta County, Colorado, where all his livestock was situated and had been duly assessed for the year; that thereafter, on the ground that some of this livestock ranged in Gunnison County during a portion of the year, it was likewise assessed there, under authority of the act of 1911; that a similar situation occurred in 1917, 1918, 1919 and 1920; that the treasurer of Gunnison County issued his distress warrant for the taxes so assessed, and, by virtue thereof, the sheriff has seized certain of plaintiff's livestock and advertised the same for sale. Plaintiff prays that the assessment be held void, that the sale be prohibited, and that further proceedings in this, and similar cases in the future, be enjoined. Defendants demurred to this complaint on the ground, *inter alia*, of insufficient facts. The demurrer was sustained. Plaintiff elected to stand on his complaint, and to review the judgment thereupon entered against him he brings error.

It was agreed below, in open court, that if the act of 1911 was unconstitutional judgment should be entered for plaintiff, if constitutional for defendants. The demurrer was argued and submitted solely upon this ground.

In support of the constitutionality of the act of 1911, it is contended that the so-called "proviso" can, and should be, upheld as an independent act; that so considered, the title is sufficient; that the purported amendment of an invalid act is not, of necessity, void; that the new portion of the act contains none of the objectionable features which rendered said section 5763 R. S. 1908, unconstitu-

tional; that it is complete and independent in itself and every presumption is in favor of its constitutionality. For the purposes of this case all these are admitted. The fact remains that the livestock in question was subjected to a double assessment and that the assessment in Gunnison County was contrary to said section 5608, R. S. 1908. The sole authority for both is to be found in that portion of the act held unconstitutional in the Carbon County case, *supra.* The judgment is accordingly reversed with directions to the trial court to enter judgment herein for plaintiff.

MR. CHIEF JUSTICE SCOTT not participating.

MR. JUSTICE ALLEN concurring specially:

Chapter 191, Session Laws of 1911, contains but one section, outside of a repealing section and an emergency clause. That section reenacts all the provisions of section 215 of the act of 1902, intermingling them, however, with new matter. As amended by the act of 1911, section 215 begins with the following language:

"When any live stock is driven into a county for the purpose of grazing therein, at any time in any year, it shall be liable to be assessed for all taxes leviable in that county for that year, the same as if it had been in the county at the time of the annual assessment, and it shall be lawful for the county assessor in each county of the State of Colorado, to assess cattle, sheep and horses at any date such assessor may desire, providing that the same shall be assessed as of some day between the first day of January and the thirty-first day of December in each year; *Provided,* that cattle, sheep or horses that range or are kept or herded in one county a part of the year and range or are kept or herded in another county the remaining part of said year shall be assessed and taxed in either of said counties, and such taxes shall be divided between said

counties in proportion to that part of the year said stock remained in each county;  *  *  *"

The language of the Act of 1911, above quoted, in part, is, from the beginning down to the word "provided," identically the same as the first part of section 215 of the act of 1902, and that part has been held unconstitutional by this court in *Carbon County Sheep and Cattle Co. v. County Com'rs. of Routt County*, 60 Colo. 224, 152 Pac. 903. Owing to that decision, both sides concede that the act of 1911 is likewise unconstitutional and void from the beginning of the part above quoted to the word "provided." It is under the remaining part that the taxation involved in this case is sought to be upheld. That part is in the form of a proviso.

It is the contention of the defendants in error, defendants below, that the proviso should be given effect "as a complete and independent act in itself," under the rule stated in 36 Cyc. 1056, to the effect that a statute purporting to amend a void statute is valid where the provisions of the new statute are independent and complete in themselves, and under another rule stated in 36 Cyc. 1163 to the effect that a proviso may sometimes be so construed as "to assume the function of an independent enactment."

Assuming, without deciding, the proposition thus stated by the defendants in error, there still remains the question whether the proviso, the amendatory part of the act of 1911, is valid when treated as an independent statute. With reference to this question, it is the contention of the plaintiff in error that the statute violates section 3, article 10, of our constitution, which provides that "all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax."

The most material part of the statute reads as follows:

"That cattle, sheep or horses that range or are kept or herded in one county a part of the year and range or are kept or herded in another county the remaining part of said year shall be assessed and taxed in either of said

counties, and such taxes shall be divided between said counties in proportion to that part of the year said stock remained in each county.  *  *  *"

Under the constitutional provision above cited, there can be no discrimination between subjects which properly belong to the same class. 26 R. C. L. 243. Under the statute above quoted there *is* such a discrimination, and the same readily appears when we consider the well known fact that the rate of taxation is not the same in all counties and is not likely to be the same in any two counties. If the same levies existed or were made in all counties, the statute might have to do merely with the distribution of the proceeds of taxation, but such is not the case. That the statute violates the uniformity clause of the constitution may be shown by the results which would follow from the application of the statute to a state of facts likely to arise. As an illustration, take the following facts: A taxpayer resides in the county of A. and there keeps for six months in each year cattle valued at $10,000. The county makes a 5 mill levy. Property valued at $10,000 is subject to a tax of $50. For six months in each year, the cattle are kept in the county of B. In that county the levy is 10 mills. If the cattle were kept in that county the entire year, the tax upon them would be $100. The statute does not prescribe how the taxes are to be divided, otherwise than in proportion to the time in which they are kept in one county. Suppose the county of B. claims one-half of the $100, above mentioned, and the county of A. claims one-half of its $50 tax. If each county collects its part of the taxes, the taxpayer pays $50 plus $25, which is $75, and that is $25. more than he would be required to pay had the cattle remained in his home county the entire year. The statute does not affect all live stock alike. It applies only to "cattle, sheep or horses." Furthermore, it does not affect all "cattle, sheep or horses" alike, for it discriminates against those that are ranged, kept or herded, and does not apply to animals that are not ranged, kept or herded.

There is bound to be some discrimination, either against or in favor of, such cattle, sheep or horses, as are mentioned in the statute. If the taxes are collected by a county having a low rate of levy, it may deprive the other county of its just proportion of the tax, since it is provided also, in the statute, that the county treasurer collecting the taxes shall pay to the other county what is due it, but it is nowhere provided that the rate of taxation prevailing in the respective counties shall be considered in the division of the taxes. If the situs of the property for purposes of taxation would ordinarily be in a county having a high levy, then the owner under this statute would partially escape the high levy by having the live stock kept in some other county a part of the year, a county having a lower rate of taxation. Section 3, article 10, of our constitution implies equality in the burden of taxation. The requirement of equality is not met when a higher or greater levy in proportion to value is imposed upon one species of property than upon others similarly situated or of like character. 37 Cyc. 735.

In my opinion, for reasons above indicated, the entire act of 1911 is in violation of section 3, article 10 of our constitution. It was error to sustain the demurrer to the complaint.