## No. 12,806.

GRISARD, TREASURER *v.* ROSELAWN CEMETERY ASSOCIATION.
(19 P. [2d] 766)

Decided February 27, 1933.

Mr. THOMAS R. HOFFMIRE, for plaintiff in error.

Mr. M. G. SAUNDERS, Mr. EDWARD F. CHAMBERS, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the treasurer and defendant in error as the association.

. The association, claiming its property was exempt, brought this suit to enjoin the treasurer from selling it for taxes. A demurrer to the complaint for want of facts, jurisdiction, and necessary parties, was overruled. The treasurer answered, denying the claimed exemption and alleging that the association had a plain, speedy and adequate remedy at law. The cause was tried to the court, which found generally for the association and entered judgment accordingly. To review that judgment this writ is prosecuted. Two questions are presented by the record: (1) Is the association's property exempt? (2) If so, has it a remedy by injunction?

1. "* * * cemeteries not used or held for private or corporate profit, shall be exempt from taxation unless otherwise provided by general law." Art. X, §5, Colo. Const., C. L. 1921, p. 59. It has not been so "otherwise provided."

"The following classes of property shall be exempt from general taxation to wit: * * * Fifth. Cemeteries not held or conducted for private or corporate profit." C. L. 1921, p. 1840, §7198. "All the property of such corporation, used or owned for such purpose, and all lots owned by the members thereof, shall be exempt from taxation, assessment, lien, attachment and from levy and sale upon execution, except for the purchase price thereof." C. L. 1921, p. 792, §2435.

The association was incorporated as an organiza-

tion "not for profit." Whether it was such in fact was an issue on the trial. The most that can be said to the contrary is that the evidence on the subject was conflicting. Under a well established rule the trial court's finding in favor of the association is conclusive.

2. No serious contention is here made that necessary parties were omitted. The real question raised by the demurrer, and argued here, is the remedy. It is insisted that the association was obliged to protest to the assessor, appeal to the county commissioners, and thence to the tax commission. The cases cited to support that position involved fraudulent and excessive assessments, hence need not be here discussed. Where property specifically exempt, under Constitution and statute, is involved, and relief is sought from clouded titles and continuing assessments, equity may be invoked. In such cases the generally recognized rule supports resort to injunction. 1 High on Injunction (4th Ed.), p. 504, §530; *Fargo v. Hart,* 193 U. S. 490, 24 Sup. Ct. 498, 48 L. Ed. 761. Such is the holding in this jurisdiction. *Colo. F. & L. S. Co. v. Beerbohm,* 43 Colo. 464, 479, 96 Pac. 443; *Shaw v. Bond,* 64 Colo. 366, 372, 171 Pac. 1142.

The judgment is affirmed.

Mr. Justice Moore not participating.