**BAKER, County Treasurer, et al. v. ATCHI-SON, T. & S. F. RY. CO.**

No. 1820.

Circuit Court of Appeals, Tenth Circuit.

Aug. 22, 1939.

Rehearing Denied Oct. 12, 1939.

Writ of Certiorari Denied Dec. 11, 1939.

See 60 S.Ct. 296, 84 L.Ed. ——.

PHILLIPS, Circuit Judge, dissenting.

526

Henry E. Lutz, Asst. Atty. Gen. (Byron G. Rogers, Atty. Gen., on the brief), for appellants.

W. W. Grant, of Denver, Colo. (Morrison Shafroth, of Denver, Colo., and Charles H. Woods, of Chicago, Ill., on the brief), for appellee.

Elmer L. Brock and E. G. Knowles, both of Denver, Colo. (J. L. Rice, of Denver, Colo., on the brief), amici curiae.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

The Atchison, Topeka and Santa Fe Railway Company instituted this suit against the respective treasurers of Baca, Bent, Douglas, El Paso, Fremont, Las Animas, Otero, Prowers, and Pueblo Counties, in Colorado, to enjoin the collection of a portion of the ad valorem taxes laid against its property situated in such counties for the year 1937, to expunge such taxes from the records, and to remove cloud from title resulting from the imposition of such taxes. Reference will be made to the parties as they appeared in the trial court.

The bill alleged that plaintiff seasonably filed with the State Tax Commission a sworn statement setting forth the facts required by law bearing on the value of its property; that the commission ascertained and determined that the true and full cash value of such property for purposes of taxation was $18,750,810; that such value was duly apportioned among the several counties through which plaintiff's lines of railroad ran, and the respective amounts were certified to the assessors thereof; that the State Board of Equalization increased by twenty per cent the values of all railroad property throughout the state as fixed by the commission; that the property of plaintiff was thus increased to $22,500,972; that such increased values were apportioned, certified to the assessors, and extended on the assessment rolls; that such increase in value occasioned an increase of $110,418.05 in taxes assessed against the property of plaintiff; that for many years prior to 1937 the tax authorities in Colorado had systematically, intentionally, and arbitrarily overvalued the property of plaintiff and that of other railway companies as compared with the valuation of other kinds of property; that the action of the board of equalization was not taken in the exercise of judgment guided by recognized standards in the assessment of railroad properties but was arbitrary, unlawful, and capricious, and in furtherance of such custom and system; that such discrimination violated the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States; that plaintiff had either paid on account or tendered to the various defendants the taxes based on the valuation fixed by the tax commission; and that plaintiff had no plain, speedy, and efficient remedy at law or in equity in the courts of the state. Defendants interposed a joint and several motion to dismiss the cause for want of jurisdiction in that plaintiff had a plain, speedy, and efficient remedy at law, or if such remedy was inadequate or inefficient, plaintiff had a plain, speedy, and efficient remedy in equity in the courts of the state. The court denied the motion and ordered defendants to elect within twenty days whether they would stand on their motion or plead further. They elected to stand, and a final decree was entered perpetually enjoining them from collecting or attempting to collect that part of the taxes in excess of the amount based on the valuation of the tax commission, expunging such taxes from the records, and removing cloud from title. Defendants appealed.

The State Board of Equalization of Colorado is vested with power to raise or lower classes or sub-classes of property in the process of equalizing values but not individual items within a class or sub-class. Board of Commissioners v. Union Pac. R. Co., 89 Colo. 110, 299 P. 1055; Union Pac. R. Co. v. Board of Commissioners, 10 Cir., 35 F.2d 785. It is not contended that the laws of the state fail to authorize the board to increase the valuation of railroad property as a class in the equalization of values. The action of the board in making the increase in question is challenged solely on the ground that the valuation thus fixed was out of reasonable proportion to that of other kinds of property and therefore consituted a discrimination in violation of the due process and equal protection clauses of the Fourteenth Amendment. U. S.C.A.Const.

The merits of the controversy are not presented for determination. The question at hand is whether the United States Court for Colorado had jurisdiction of the suit. Section 24(1) of the Judicial Code, as amended by the Act of August 21, 1937, 50 Stat. 738, 28 U.S.C.A. § 41(1), provides that no United States district court shall have jurisdiction of a suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax levied pursuant to the laws of a state where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such state. The statute was considered in the case of Kohn v. Central Distributing Co., Inc., 306 U.S. 531, 59 S.Ct. 689, 83 L.Ed. 965. There plaintiffs as holders of a chattel mortgage covering certain whiskey brought suit in the federal court to restrain proceedings pending in the state court for the collection of an asserted tax, contending that the statutes of the state under which the tax was assessed and sought to be enforced violated the state constitution and the commerce, contract, and due process clauses of the Constitution of the United States. The court held that the effort to invoke the equity jurisdiction of the federal court encountered the statutory prohibition contained in section 24 of the Judicial Code, as amended. The court decided Driscoll v. Edison Light and Power Company, 307 U.S. 104, 59 S.Ct. 715, 83 L.Ed. ——, on the same day. The appeal in that case was from a decree granting a permanent injunction against the enforcement of the rates of a utility company. The court on its own motion raised the question of lack of jurisdiction under the provisions of section 24(1) of the Judicial Code, as amended by the Act of May 14, 1934, 48 Stat. 775, 28 U.S.C.A. § 41(1), commonly called the Johnson Act, which provides that a federal court shall not have jurisdiction of a suit to enjoin the enforcement or execution of an order of an administrative board or commission of a state, or any rate-making body of a political subdivision thereof where jurisdiction is founded solely on diversity of citizenship, or repugnance of the order to the Constitution of the United States, where such order affects rates chargeable by a public utility, does not interfere with interstate commerce, and has been made after reasonable notice and hearing, and where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such state, the inhibitory language thus being substantially identical with that contained in the Act of August 21, 1937, supra. It was conceded in oral argument that no remedy existed in the courts of the state which would satisfy the Johnson Act. The court referred to certain state statutes, stated that in the absence of an authoritative determination by the state courts it could not be said that the remedy in the state courts was plain, speedy, and efficient, and that for such reason the United States court was not deprived of equity jurisdiction. While jurisdiction in the latter case was sustained, the two cases admonish us that a federal court lacks jurisdiction of a suit of this kind where there is a plain, speedy, and efficient remedy at law or in equity in the state courts.

Does plaintiff have such a remedy in the courts of Colorado? Section 281, chapter 142, Colorado Statutes Annotated 1935 provides that in all cases where any person shall pay any tax, interest, or cost, that shall afterwards be found to be erroneous or illegal, whether due to erroneous assessment, improper or irregular levying, or clerical or other errors or irregularities, the board of county commissioners shall refund the same to the taxpayer without abatement or discount. But it is contended that the statute applies only to illegal taxes and is without application to taxes which are merely excessive due to an overvaluation of property. It is sought to draw a determinative distinction between taxes which are illegal and taxes which are based on an overvaluation of property, it being asserted that the statute may be invoked in respect to the former but not the latter. The statute was reviewed in Singer Sewing Machine Co. v. Benedict, 229 U.S. 481, 33 S.Ct. 942, 57 L.Ed. 1288. There the taxpayer made a return of taxable personal property at a specified valuation. The assessor added other property which increased the total assessment. The taxpayer tendered payment of the amount of taxes on the property returned but declined to pay the further amount attributable to the additional assessment. The tender was refused and the suit was to enjoin collection of the amount attributable to the additional assessment. After reviewing certain decisions of the supreme court of the state in which it was held that illegal or void taxes may be paid and recovered under the statute, the court determined that the statute afforded the taxpayer an adequate remedy at law, and that there was no basis for relief in equity. The statute was again

considered in Union Pac. R. Co. v. Weld County, 247 U.S. 282, 38 S.Ct. 510, 62 L.Ed. 1110, a case indistinguishably similar to this one. There the railroad company charged that its property had been assessed at one-third of its value while most of the other property had been assessed at only one-fifth of its value, and some not at all, thus placing an undue burden of taxation on the company in violation of the due process and equal protection clauses of the Fourteenth Amendment. The portion of the taxes conceded to be due was paid. The suit was to enjoin the portion in dispute. The court expressed grave doubt whether the statute, now section 281, had been qualified or modified by chapter 134, Laws of 1913, and due to that uncertainty sustained equitable jurisdiction of the federal court. But the court stated in language too clear to be misconceived that if the statute were still in force and effect, unqualified and unmodified, plaintiff would have a plain, adequate, and complete remedy at law, and therefore could not proceed in equity. In First National Bank v. Patterson, 65 Colo. 166, 176 P. 498, the Supreme Court of Colorado noticed the doubt thus expressed by the Supreme Court of the United States and held that the statute had not been qualified or modified in respect to the liability of the county or the right of the taxpayer to maintain a suit for the refund of an erroneous or illegal tax paid. There can be little doubt that if that determination had been in force and effect at the time Union Pacific R. Co. v. Weld County, supra, was decided, the court would have held that the statute applied, and that the taxpayer was not entitled to relief in equity. In Kendrick v. A. Y. & Minnie Min. & Mill. Co., 63 Colo. 214, 164 P. 1161, the state board of equalization increased the total assessed valuation of a county 23.42 per cent, and the assessor placed such assessment on the property within the county. The subsequent discovery of other property and its assessment reduced the increase in valuation to 15.52 per cent. The A. Y. & Minnie Mining & Milling Company and other taxpayers occupying a similar position, paid taxes equal to the levy on the original assessment but declined to pay the balance attributable to the increase in valuation, and sought to enjoin the county treasurer from advertising their property for sale or otherwise enforcing collection. While not so stated, the opinion indicates that the sole basis of attack on the tax was over-valuation of property. It was held that the statute provided a plain, speedy, and adequate remedy at law for the determination of such a grievance, and that it was the duty of the complainants to pay the whole of the taxes and then proceed under the statute for refund of the amount in dispute. In First National Bank v. Patterson, supra, the assessor placed a valuation on the property of the taxpayer, and before the Board of County Commissioners met as a Board of Equalization, he transmitted to the State Tax Commission an abstract of all real and personal property assessed by him. The commission determined that such assessed valuation was below the full cash value of the property by sixty-three per cent. An increase in that amount was ordered but no increase was made in the property assessed by the commission. The State Board of Equalization approved the action of the commission and ordered the increase in valuation of the property as returned in the abstract of the assessor. The assessor changed his assessment roll to comply with the increase. Charging that the increase in valuation brought about an excessive and unjust assessment of the property of plaintiff over that of like property elsewhere in the state in violation of the constitution and statutes of the state, and of the equal protection clause in the Fourteenth Amendment, the bank sought to enjoin the county treasurer from enforcing collection of the tax attributable to such increase. The court said in substance that mere errors or excess in valuation do not call for a court of equity to stay collection of the tax, and that if the tax was not legally laid the taxpayer could pay it and then recover it back from the county under the statute. The court then discussed the statute, holding that it was intact in respect to the obligation of the county to make refund of an illegal or erroneous tax and to the right of the taxpayer to maintain an action at law to recover it; and the court concluded that it saw nothing in the record which required a court of equity to extend relief. The effect of the holding was that even though the tax in dispute was challenged on the ground of excessive valuation in violation of the equal protection clause of the Fourteenth Amendment, the taxpayer was not entitled to relief in equity for the reason that it could pay such tax and then sue at law for its refund.

The Supreme Court of Colorado has said in different language that the statute

gives one the right to maintain a suit at law for the recovery of a tax not legally laid, or growing out of an illegal assessment, or the validity of which he has the right to question. Delta Land & Orchard Co. v. Zaninetti, 64 Colo. 268, 170 P. 964; First National Bank v. Patterson, supra; Antero & Lost Park Reservoir Co. v. Board of Commissioners, 65 Colo. 375, 177 P. 148. And in Miller v. Board of County Commissioners, 92 Colo. 425, 21 P.2d 714, it was said that a tax due to excessive valuation was neither erroneous nor illegal within the meaning of the statute but the point decided was whether the tax was void for other reasons. No decision by that court has been called to our attention in which it· was held that taxes arising from systematic and arbitrary overvaluation which violates the due prosess and equal protection clauses of the Fourteenth Amendment are not erroneously or illegally assessed within the intent and meaning of the statute. And the case of South Broadway Nat. Bank v. City and County of Denver, 10 Cir., 51 F.2d 703, does not lend plaintiff aid. There the complaint charged that the levy was illegal and invalid for three separate reasons. The first was the manner in which the assessment was made; the second was that substantial sums invested in negotiable securities by persons engaged in the banking business or the investment business in competition with plaintiff were not taxed; and the third was that plaintiff's shares of capital stock were assessed at their full value while other moneyed capital was assessed variously not to exceed seventy-five per cent of its value, if assessed at all. The court held that the statute was no more than a common law declaration of the right to recover an illegal tax; that since the complaint expressly alleged that the tax was illegal and invalid an action of indebitatus assumpsit could be maintained; and that in such circumstances there was no warrant for the exertion of equity jurisdiction.

■ We think it is fairly clear from the language contained in the statute, and from Singer Sewing Machine Co. v. Benedict, Union Pac. R. Co. v. Weld County, Kendrick v. A. Y. & Minnie Min. & Mill. Co., and First National Bank v. Patterson, supra, that the taxes in dispute come within the reach of the statute; that the statute affords a plain, speedy, and efficient remedy at law; and that for such reason the court was without jurisdiction in equity.

■ But let it be assumed that we are wrong in that which has been said, and that the statute is inapplicable. Does plaintiff have a plain, speedy, and efficient remedy in equity in the courts of Colorado? We do not undertake to review the provisions of the constitution or statutes of the state. It is conceded that the state courts have all the equity powers possessed by any courts, but it is urged that they will not exercise these powers in a case of this kind. The right to enjoin the collection of an illegal tax where some principle of equitable jurisdiction exists was clearly recognized in the early case of Hallett v. Board of Commissioners, 40 Colo. 308, 90 P. 678; and injunctions have been granted to restrain the collection of asserted taxes, Colorado Farm & Live Stock Co. v. Beerbohm, 43 Colo. 464, 96 P. 443; Gale v. Statler, 47 Colo. 72, 105 P. 858; Shaw v. Bond, 64 Colo. 366, 171 P. 1142; Hutchinson v. Herrick, 70 Colo. 534, 203 P. 275; Grisard v. Roselawn Cemetery Ass'n, 92 Colo. 289, 19 P.2d 766; City and County of Denver v. Colorado Seminary, 96 Colo. 109, 41 P.2d 1109; McGlone v. First Baptist Church of Denver, 97 Colo. 427, 50 P. 2d 547. In view of these pronouncements we cannot say that even though plaintiff is without a plain, speedy, and efficient remedy at law, the state courts are unwilling or indisposed to grant it all the relief to which it is entitled under the full sweep of recognized equity jurisprudence.

■ It is further contended that although plaintiff may have a remedy in .the state courts it is inadequate and inefficient for the reason that nine separate suits involving a common issue and identical evidence would be required, one against each county treasurer. It is unnecessary to explore the question whether separate suits would be required. That may be assumed without so deciding. It is well settled that in ordinary circumstances a court of equity will take cognizance of a controversy and grant the relief requisite to meet the ends of justice in order to prevent a multiplicity of suits. But another principle of equity is equally well founded and has peculiar application in a case of this kind. It is that the federal courts should exercise an appropriate reluctance to interfere by injunction with the fiscal affairs of a state, and it is accepted practice to relinquish their jurisdiction in favor of the state courts in respect of such matters, if the federal rights of the complainant can be there preserved without impair-

ment. Boise Artesian Water Co. v. Boise City, 213 U.S. 276, 29 S.Ct. 426, 53 L.Ed. 796; Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447; Hawks v. Hamill, 288 U.S. 52, 53 S.Ct. 240, 77 L.Ed. 610; Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166; American Mut. Liability Ins. Co. v. McDonough, 7 Cir., 61 F. 2d 558; Pape v. St. Lucie Inlet District and Port Authority, 5 Cir., 75 F.2d 865; Reconstruction Finance Corporation v. Zimmerman, 4 Cir., 76 F.2d 313. True, plaintiff charges a violation of rights guaranteed to it by the due process and equal protection clauses of the Fourteenth Amendment. But state courts bear equal responsibility with federal courts to guard and protect rights secured by the Constitution of the United States. United States v. Bank of New York Co., 296 U.S. 463, 479, 56 S.Ct. 343, 80 L.Ed. 331. And there is no basis here for the conclusion that the state courts in Colorado will fail in the discharge of their obligation to protect unimpaired every right of plaintiff which is guaranteed to it by the due process and equal protection clauses.

The decree is reversed and the cause remanded with directions to dismiss the bill without prejudice to any proceedings which may be instituted in the state courts.

PHILLIPS, Circuit Judge (dissenting).

It is my view that the question whether the Railway Company has a plain, speedy, and efficient remedy, either at law or equity, is shrouded in doubt.

In Board of Co. Commissioners v. Atchison, T. & S. F. R. Co., 52 Colo. 609, 125 P. 528, 529, the court conceded that Section 281, ch. 142, Colo.Stat.Ann.1935, does not afford an adequate remedy in all cases founded upon an erroneous or illegal tax. It cited as an example of a case where the statute would not afford an adequate remedy Cummings v. Merchants' National Bank, 101 U.S. 153, 25 L.Ed. 903, a case clearly analogous on the facts with the instant case. Section 281, supra, provides for a refund by the Board of County Commissioners. I seriously doubt that it contemplates a determination by the county commissioners of the amount of an excessive tax arising from a systematic, intentional, and arbitrary undervaluation of other species of property as in the instant case. I am inclined to think the statute only applies where the amount of the erroneous or illegal tax affirmatively appears on the face of the taxing records and does not contemplate a factual determination by the Board of County Commissioners such as the instant case would entail.

In Tallon v. Vindicator Consol. G. M. Co., 59 Colo. 316, 149 P. 108, the court held that a court of equity will interfere to restrain the collection of taxes, only when the tax is prima facie void, and in many cases has indicated a reluctance to grant equitable relief against the collection of a tax. Here, the tax is not illegal or void in a strict sense. The assessment upon which it is predicated is prima facie valid. It is only when through the showing of extrinsic facts of a systematic, intentional, and arbitrary undervaluation of other species of property, that the discriminatory and excessive features of the tax appear.

If the remedy in the state courts, both at law and in equity, is uncertain, then the Railway Company, notwithstanding the provisions of 28 U.S.C.A. § 41, subdivision (1), is entitled to relief in a federal court. Mountain States Power Co. v. Public Service Comm. of Montana, 299 U.S. 167, 57 S.Ct. 168, 81 L.Ed. 99; Corporation Comm. of Oklahoma v. Cary, 296 U.S. 452, 56 S. Ct. 300, 80 L.Ed. 324; Cary v. Corporation Comm. of Oklahoma, D.C., 9 F.Supp. 709.

For the reasons indicated, I respectfully dissent.