516

## MIDLAND TERMINAL RY. CO. v. WARD, County Treasurer, et al.
### No. 1886.

Circuit Court of Appeals, Tenth Circuit.

Nov. 8, 1939.

David P. Strickler and Thomas M. Burgess, both of Colorado Springs Colo., for appellant.

Byron G. Rogers, Atty. Gen. of Colorado, and Henry E. Lutz, Deputy Atty. Gen., for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

This is an action brought by Midland Terminal Railway Company, a corporation organized under the laws of Colorado, against the respective treasurers of El Paso and Teller Counties, Colorado, the members of the State Board of Equalization, and the members of the State Tax Commission of that state, to enjoin the collection of that portion of the ad valorem taxes levied against the property of plaintiff in such counties for the year 1937, attributable to an increase in value of twenty per cent directed by the State Board of Equalization over the value fixed by the State Tax Commission, to expunge such taxes from the records, and to remove cloud from title arising out of the levy of such taxes. Defendants moved to dismiss the cause for the reason that plaintiff had a full, adequate, complete and efficient remedy at law in the state courts of Colorado, or if such remedy was inadequate or inefficient, plaintiff had a plain, speedy and efficient remedy in equity in such courts; that as between plaintiff and defendant treasurer of El Paso County, less than three thousand dollars was in controversy; and that as between plaintiff and all defendants there was lack of diversity of citizenship. The court sustained the motion, and dismissed the action. Plaintiff appealed.

The questions relating to lack of jurisdiction of the United States Court in Colorado to entertain the suit for the reason that plaintiff has a plain, speedy and adequate remedy at law in the state courts, or if no such remedy at law exists, then plaintiff has a plain, speedy and efficient remedy in equity in the courts of that state, are identical with those which we considered and decided in Baker v. Atchison, Topeka & Santa Fe Railway Company, 10 Cir., 106 F.2d 525. It would not serve any useful purpose to discuss such questions anew. For the reasons stated at length in that case, the judgment is affirmed.