Jess **KORTZ** and A. C. Rollnick, individually and doing business as **A. & J.** Investment Co., Plaintiffs,

v.

Ruth **ELLINGSON**, as the Treasurer of the County of El Paso and State of Colorado, and the Board of County Commissioners of the County of El Paso, Defendants.

Civ. A. No. 6618.

United States District Court
D. Colorado.

March 15, 1960.

Creamer & Creamer, George Louis Creamer, Denver, Colo., for plaintiffs.

J. Fred Schneider, Denver, Colo., Leon H. Snyder, Leo W. Rector and Byron L. Akers, Jr., Colorado Springs, Colo., for defendants.

ARRAJ, Chief Judge.

This case is before the Court on defendants' motion to dismiss.

Plaintiffs' complaint alleges in substance that plaintiffs own a parcel of real estate in El Paso County, Colorado, and that they paid the ad valorem taxes assessed against the property before the same became delinquent for the years 1955, 1956, 1957 and 1958 respectively. Plaintiffs also allege that on April 1, 1959, the defendant Treasurer of El Paso County, Colorado, sent the plaintiffs certain documents demanding additional taxes for the years 1955, 1956 and 1957; and that the defendants advertised plaintiffs' property for sale, have claimed delinquent taxes for those years and also for additional taxes claimed for 1958. Plaintiffs claim that no such additional taxes were ever levied or assessed against the property and there is no sum owing upon the property by plaintiffs. Plaintiffs seek injunctive relief preventing defendants from selling or attempting to sell plaintiffs' property for the real property taxes for the years in question. Jurisdiction appears to be grounded on the existence of a federal question arising under the laws and constitution of the United States, particularly the Fourteenth Amendment; and it is also claimed that the amount in controversy exceeds $10,000 exclusive of interest and costs.

Defendants move to dismiss on the ground that the complaint fails to state a claim against defendants upon which relief can be granted and on the further ground that the Court lacks jurisdiction because:

(1) There is neither diversity of citizenship nor a federal question involved.

(2) The amount in controversy is less than $10,000.

(3) Plaintiffs have a plain, speedy and effective remedy in the Courts of Colorado.

The Court is of the opinion that there is no federal question involved within the provisions of 28 U.S.C. § 1331. Plaintiff claims that the case arises under

the Fourteenth Amendment. But there is no attack on the constitutionality of the Colorado statutes under which plaintiff is being taxed. The attack is on the maladministration of the tax statutes. And maladministration of a law does not make it unconstitutional. Cummings v. National Bank, 101 U.S. 153, 161, 25 L.Ed. 903. Since the attack is on the administration of the law the genesis of the action is in the law of Colorado and the case thus comes within the decision in the leading case of Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

■ The Court is also of the opinion that the case comes within the provisions of 28 U.S.C. § 1341, which section provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

Plaintiffs claim that this provision is inapplicable because this was not a tax collection since it was a totally void proceeding. This reasoning is not supported by the cases. In Baker v. Atchison, T. & S. F. Ry. Co., 10 Cir., 106 F.2d 525, the claimed illegality of the tax did not prevent the Court from applying 28 U.S.C. § 1341. The only question remaining then is whether the Courts of Colorado will provide a plain, speedy and efficient remedy. No reason appears why plaintiffs cannot avail themselves of the remedial provisions of C.R.S. '53 137–3–37 and 137–3–38. In Baker v. Atchison, T. & S. F. Ry. Co., 10 Cir., 106 F.2d 525, at page 529 the Court said:

"We think it is fairly clear from the language contained in the statute, and from Singer Sewing Machine Co. v. Benedict [229 U.S. 481, 33 S.Ct. 942, 57 L.Ed. 1288]; Union Pac. R. Co. v. Weld County, [247 U.S. 282, 38 S.Ct. 510, 62 L.Ed. 1110]; Kendrick v. A. Y. & Minnie Min. & Mill Co. [63 Colo. 214, 164 P. 1161], and First National Bank v. Patterson [65 Colo. 166, 176 P.

498], supra, that the taxes in dispute come within the reach of the statute; that the statute affords a plain, speedy, and efficient remedy at law; and that for such reason the court was without jurisdiction in equity."

And if the statutory remedy is not available, it seems clear that in a case where the proceeding is void for noncompliance with the statute, as plaintiffs here contend, injunctive relief is available in the Colorado Courts. Gale v. Statler, 47 Colo. 72, 105 P. 858. The Court in Baker v. Atchison, T. & S. F. Ry. Co., supra, after the above quoted paragraph continued:

"But let it be assumed that we are wrong in that which has been said, and that the statute is inapplicable. Does plaintiff have a plain, speedy, and efficient remedy in equity in the courts of Colorado? We do not undertake to review the provisions of the constitution or statutes of the state. It is conceded that the state courts have all the equity powers possessed by any courts, but it is urged that they will not exercise these powers in a case of this kind. The right to enjoin the collection of an illegal tax where some principle of equitable jurisdiction exists was clearly recognized in the early case of Hallett v. Board of Commissioners, 40 Colo. 308, 90 P. 678; and injunctions have been granted to restrain the collection of asserted taxes, Colorado Farm & Live Stock Co. v. Beerbohm, 43 Colo. 464, 96 P. 443; Gale v. Statler, 47 Colo. 72, 105 P. 858; Shaw v. Bond, 64 Colo. 366, 171 P. 1142; Hutchinson v. Herrick, 70 Colo. 534, 203 P. 275; Grisard v. Roselawn Cemetery Ass'n, 92 Colo. 289, 19 P.2d 766; City and County of Denver v. Colorado Seminary, 96 Colo. 109, 41 P.2d 1109; McGlone v. First Baptist Church of Denver, 97 Colo. 427, 50 P.2d 547. In view of these pronouncements we cannot say that even though plaintiff is without a plain, speedy, and efficient remedy at law, the state

courts are unwilling or indisposed to grant it all the relief to which it is entitled under the full sweep of recognized equity jurisprudence."

It is accordingly ordered that the motion to dismiss be, and the same hereby is granted.